## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re

) Case No. _____

)

) **Notice of Preliminary Hearing on Motion**

)     **For Use of Cash Collateral**

)     **To Obtain Credit**

Debtor(s)

) **(Check One)**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion
   For Use of Cash Collateral        To Obtain Credit (check one). The motion is attached and it
   includes (1) the statement required by Local Bankruptcy Form (LBF) 541.5 and (2) the following
   allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is
      _____
      _____
      _____ .

   b. The amount of        cash collateral        credit (check one) necessary to avoid the harm detailed
      above prior to the final hearing is _____ .

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are:
   _____ .

3. A preliminary hearing on the motion will be held as follows:

   **Date:** _____ **Time:** _____ **Location:** _____

   Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following:

   a. attend the preliminary hearing.

   b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th
      Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

   If the response is filed within three business days before the hearing, notify the judge's chambers by
   telephone immediately after filing the document, as required by Local Bankruptcy Rule (LBR) 9004-1(b).

**541.1 (12/1/2018)**                    Page 1 of 2

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent [or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)], any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____

Signature of Moving Party or Attorney            OSB #

_____

(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

<u>In re Fizz & Bubble, LLC;</u>
Ch 11 Bankruptcy Case No. 19-34092-tmb11

### 20 LARGEST UNSECURED CREDITORS

Bruce Wood, LLC
Attn: Bruce Wood
0932 SW Palatine Hill Rd.
Portland, OR 97219

Capital Funding ASAP, LLC
695 Cross Street
Lakewood, NJ 08701

Connie Smith
0932 SW Palatine Hill Rd
Portland, OR 97219

Diane Humke
32272 Apple Valley Rd
Scappoose, OR 97056

Erik Piper
4032 SE Ogden Street
Portland, OR 97202

Ernest Packaging Solutions
9255 NE Alderwood Rd
Portland, OR 97220

Express Services
PO Box 4427
Portland, OR 97208

Harsch Investment Property
1620 SW Taylor, Suite 300
Portland, OR 97205

IDL Worldwide
PO Box 536642
Pittsburg, PA 15253

IPT
PO Box 206918
Dallas, TX 75320

Kenneth Humke
1432 SE 72nd Ave
Portland, OR 97015

LTK LLC
5648 Evans Valley
Loop Road NE
Silverton, OR 97381

Now CFO
5251 S Green Street, Suite 350
Murray, UT 84123

OMEP
7650 SW Beveland St, Ste 170
Portland, OR 97223

Oswego Financial Services
0932 SW Palatine Hill Road
Portland, OR 97219

Premier Press
5000 N Basin Ave
Portland, OR 97217

Queen Funding, LLC
Attn: Jordan Jenson
101 Chase Ave, Suite 208
Lake Wood, NJ 08701

RPG
119 West 57th Street
New York, NY 10019

Tricor Brands
7931 NE Halsey St, #101
Portland, OR 97213

Valerie Humke
1919 NW 87th Circle
Vancouver, WA 98665

### SECURED CREDITORS:

Bruce Wood, LLC
Attn: Bruce Wood
0932 SW Palatine Hill Rd.
Portland, OR 97219

Capital Funding ASAP LLC
125 Pearl St
New York, NY 10038

Capital Funding ASAP, LLC
695 Cross Street
Lakewood, NJ 08701

Capital Funding ASAP, LLC
c/o Isaac Greenfield, Esq.
26 Broadway, Suite 375
New York, NY 10004

Connie Smith
0932 SW Palatine Hill Rd
Portland, OR 97219

Decathlon Alpha III, LP
Attn: John Borchers
1441 West Ute Blvd, Suite 240
Park City, UT 84098

Decathlon Alpha III, LP
c/o The Corporation Trust
Company,RA
780 Commercial St SE Ste 100
Salem, OR 97301

Decathlon Alpha III, LP
c/o The Corporation Trust
Company, RA
Corp Trust Ctr - 1209 Orange St
Wilmington, DE 19801

Diane Humke
32272 Apple Valley Rd
Scappoose, OR 97056

Erik Piper
4032 SE Ogden Street
Portland, OR 97202

Kenneth Humke
1432 SE 72nd Ave
Portland, OR 97015

Queen Funding, LLC
Attn: Jordan Jenson
101 Chase Ave, Suite 208
Lake Wood, NJ 08701

Queen Funding, LLC
c/o Joe Liberman, Esq.
101 Chase Ave, Ste 208
Lakewood, NJ 08701

Unique Funding Solutions, LLC
Attn: Jordan Jenson
2715 Coney Island Ave
Brooklyn, NY 11235

Valerie Humke
1919 NW 87th Circle
Vancouver, WA 98665

WG Fund, LLC
Attn: Jordan Jenson
1980 Swarthmore Ave
Lakewood, NJ 08701

### Electronic Mail:

The foregoing was served on all
CM/ECF participants through the
Court's Case
Management/Electronic Case File
system.

Douglas R. Ricks, OSB 044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

       Of Attorneys for Debtor-in-Possession


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 19-34092-tmb11 |
| Fizz & Bubble, LLC | MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION |
| Debtor-in-Possession. | |

Debtor-in-Possession, Fizz & Bubble, LLC ("Debtor"), pursuant to Sections 105(a)

and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1.D., moves the

Court for entry of an Interim and Final Order authorizing use of cash collateral as defined by

§363(a) of the Bankruptcy Code ("Cash Collateral"), and, in support, represents and states

as follows:

　　　　1.　　On November 4, 2019, Debtor commenced a reorganization case by the filing of

a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

　　　　2.　　Pursuant to §§ 1107 and 1108 of the Code, Debtor is authorized to possession

of Debtor's property and to operate and manage Debtor's business as debtor-in-possession.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**DEBTOR'S BUSINESS**

3.      Debtor is a limited liability company headquartered in Wilsonville, Clackamas County, Oregon.  Founded in 2008 as Beau Bain, LLC, Debtor creates, manufactures, and distributes skin softening and rejuvenating skin products for baths, body, shower, and face, with a proprietary 8-Oil Blend that is a natural blend of eight moisturizing oils used in Debtor's products such as soaps, scrubs, lotions, and bubble bath.

4.      The business has grown substantially since 2016 when it began to attract attention from major retailers.  Debtor changed its name to Fizz & Bubble, LLC in November of 2016 and is now featured in stores such as Ulta, Kohl's, TJMaxx, QVC, and Bed Bath & Beyond.  Debtor's products may also be found in gift shops, hotels, and spas across the United States.  In addition, online sales are generated through the Debtor's online store and through Amazon and other e-retailers.

5.      Debtor's physical facilities include the main operations and manufacturing center in Wilsonville, Oregon along with warehousing and storage facilities in Tualatin, Oregon and Molalla, Oregon.  Both my husband and I continue to be involved in all operations of the business.

**PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL**

6.      The following entities ("Lien Creditors") may claim a lien in the Cash Collateral based upon the security interest held by the Lien Creditors for the following collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Security Date | Brief Collateral Description |
|---|---|---|---|
| Advance Business Capital LLC, dba Interstate Capital (fka Interstate Capital Corporation) | 8821109-0 8821109-1 8821109-2 8821109-3 8821109-4 | | All Assets of the Debtor now owned or hereafter acquired and all proceeds therefrom: |

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Security Date | Brief Collateral Description |
|---|---|---|---|
| Star Funding, Inc. | 91544906 | 05/10/18 | All personal property and fixtures and other assets of the Debtor, whether now owned or hereafter acquired |
| CHTD Company | 91554746 | 6/22/2018 | Present and future accounts, receivables, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment and inventory. |
| Decathlon Alpha III, L.P. | 91676432 | 09/21/18 | All proceeds thereof, et al. |
| CT Corporation System, as Representative | 91763683 | 12/31/18 | All assets now owned, or hereafter acquired. |
| CT Corporation System, as Representative | 91796091 | 02/7/19 | Receivables- All Assets now owned or hereafter acquired and wherever located. |
| Capital Funding ASAP LLC | 92032769 | 09/19/19 | Accounts Receivable, Cash, Cash Proceeds, Accounts, Chattel Paper, Equipment, General Intangibles, Inventory, Instruments Related to the Receipts, Instruments Related to the Future Receivables. |

7.     Other than the Lien Creditors noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.  The parties below have filed UCC financing statements with the Oregon Secretary of State, but Debtor contends none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Security Date | Brief Collateral Description |
|---|---|---|---|
| De Lage Landen Financial Services, Inc. | 91220101 | 06/12/17 | Equipment:  All equipment leased or financed by Secured Party to or for Debtor pursuant to Secured Party's contract number 100-10142934 |
| Targeted Lease Capital LLC | 91636107 | 08/06/18 | Equipment: 1 HOBART #A-200 MIXER serial # 31-1204-870 2 Stainless Steel Wax Melter 65 lb. 1 pc Melter 1 Free Sample: Brandied Pear 1 oz Bottle 1Jet Air and Electric:Jet 2x500 (Air & Electric) |

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Security Date | Brief Collateral Description |
|---|---|---|---|
| | | | Piston Filler Double Head JET-2x500 Fills Liquids, Pastes, Scrubs, Peanut butter, et al. |
| Targeted Lease Capital LLC | 91642170-0 91642170-1 | 08/13/18 | Equipment: HOBART A 200 115V 20 QT MIXER W/ NEW SS BOWL AND ATTACHMENTS GRAY PAINT SKU# HA200-C1N-00002 1 - Global Industrial Auto Floor Scrubber S/N: wb641264 1 - 2620003 20" Global Scrub Brush 1 - Replacement Front squeegee 262000 1, et al. |
| Toyota Industries Commercial Finance, Inc. | 91805048 | 02/17/19 | Toyota forklift model 8HBW23 serial number 31144 |
| Dal Porto Consulting, Inc. | 92066083 | 10/08/19 | Qty 1-Used Doboy Model SK Shrink Film Mustang IV Horizontal Wrapper. Qty 1-Used Extreme Model XT18-R High Speed Shrink Tunnel. |

8.    Other than the Lien Creditors noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

9.    To preserve the value of Debtor's business as a going concern, Debtor requires the use of the cash generated from Debtor's business to pay Debtor's operating expenses

10.    Debtor requires the use of Cash Collateral to make reasonable and necessary payments related to the business including, but not limited to, payroll, inventory, and material purchases, and overhead costs and adequate protection payments to the Lien Creditors.

11.    In order to avoid immediate and irreparable harm, Debtor requires the use of Cash Collateral for the payment of operating expenses. Debtor proposes to use Cash Collateral of $845,000.00 on the terms set forth in the proposed Preliminary Order

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtor's projected

operating expense budget through December 7, 2019 is attached to **Exhibit A** marked

**Exhibit 1** (if not attached, Exhibit 1 will be available at the time of the hearing), respectively

(the "Budget"). Such Cash Collateral includes, but is not limited to, any uncashed checks

made payable to the Debtor and cash collateral in possession of a Lien Creditor or an agent

for a Lien Creditor on the Petition Date.

12.    In order to maintain operations pending the submission of a plan of

reorganization, Debtor requires the use of Cash Collateral for the payment of operating

expenses. Debtor proposes to use Cash Collateral of $3,000,000.00 on the terms set forth

in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit**

**B**. Debtor's projected operating expense budget through March 31, 2020 is attached to

**Exhibit B** marked **Exhibit 1** (if not attached, Exhibit 1 will be available at the time of the

hearing) (the "Budget"). Such Cash Collateral includes, but is not limited to, any uncashed

checks made payable to the Debtor and cash collateral in possession of a Lien Creditor or

an agent for a Lien Creditor on the Petition Date.

13.    Debtor has made reasonable efforts to secure alternative financing. Debtor is

unable to obtain necessary financial accommodations for the expenses shown in Exhibit 1

attached to Exhibits A and B from any source.

14.    After reasonable efforts, Debtor is unable, pursuant to §364(a) or (b), to obtain

unsecured credit allowable under §503(b)(1) as an administrative expense.

15.    Allowing Debtor to use Cash Collateral on the terms set forth in the proposed

Preliminary Order Authorizing Use of Cash Collateral attached hereto as Exhibit A will

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL
OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE
PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

16. Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as Exhibit B will maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate

17. Without the use of Cash Collateral, Debtor has insufficient funds to meet Debtor's expenses as itemized in Exhibit 1 attached to Exhibits A and B. Debtor has an immediate need for Cash Collateral to pay Debtor's operating expenses, including payments for improvements, provide deposits to utilities as needed under 11 U.S.C. §366 and make adequate protection payments, all of which will preserve the value of Debtor's business.

18. The proposed preliminary and final orders on this motion do not contain any of the "disfavored provisions" listed in LBF #541.7.

## PROPOSED TERMS OF CASH COLLATERAL ORDER

19. Debtor further proposes that Debtor's authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the budget variance shall not exceed ten percent (10%) of any line item expenditures under the Budget for that Budget period.

## PROPOSED ADEQUATE PROTECTION

20. Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

aggregate diminution (from the Petition Date) in the value of the property of Debtor to which any of the liens of the parties identified in paragraph 4 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

    a.   A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-a-vis one another as existed on the petition date with respect to the original liens.

    b.   Debtor shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

    **c.**   Subject to Debtor's sole discretion, or if subsequently ordered by the Court after notice and hearing, to commence making monthly payments of interest only, calculated at the then applicable non-default rates, to each Lien Creditor, beginning not later than the date that is 90 days after entry of the Order for Relief, based on the value of each respective Lien Creditor's interest in their respective collateral.

### NOTICE

21.   No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtor moves the Court as follows:

MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

1.     Setting a preliminary hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibit 1** to the Proposed Interim Order;

2.     Setting a final hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibit 1** to Proposed Final Order;

3.     Entry of the Preliminary Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection; and

4.     For Entry of a Final Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit B** attached hereto and Granting Adequate Protection.

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
   Douglas R. Ricks, OSB 044026
   Of Attorneys for Debtor-in-Possession

Page 8 of 8     MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11     Doc 13     Filed 11/06/19

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 19-34092-tmb11 |
| Fizz & Bubble, LLC | PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL |
| Debtor-in-Possession. | |

THIS MATTER came before the Court on _____, 2019 on the Motion of

Debtor-in-Possession, Fizz & Bubble, LLC ("Debtor"), for interim authority to use cash

collateral, due and adequate notice under the circumstances having been given, and the

Court having heard the representations and argument of counsel, and being otherwise fully

advised,

The Court finds that:

A.    On November 4, 2019 (the "Petition Date"), Debtor filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code (the "Code").  Debtor continues in

possession of Debtor's property and management of Debtor's businesses as Debtor-in-

possession, in accordance with 11 U.S.C. §§ 1107 and 1108.  No trustee or examiner has

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

been appointed.  The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and

1334.  Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409.

This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of

the Code, FRBP 4001 and LBR 4001-1.D.

      B.     Without the use of Cash Collateral, Debtor asserts it has insufficient funds to

meet its expenses and other payments set forth in the attached Budget (**Exhibit 1**).  Debtor

asserts there is an immediate need to use Cash Collateral to pay Debtor's payroll and other

operating expenses and to preserve the value of Debtor's business.

      C.     Debtor asserts it will suffer immediate and irreparable harm if Debtor is not

permitted to use up to $845,000.00 for the period covering November 6, 2019 through and

including December 7, 2019, in the amount and for the purposes set forth in the Budget, to

meet Debtor's necessary and ordinary course post-petition operating expenses prior to the

time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral.

      D.     Debtor asserts that the following creditors, (the "Lien Creditors"), appear to

have security interest/liens upon the Cash Collateral as of the petition date:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Advance Business Capital LLC, dba Interstate Capital (fka Interstate Capital Corporation) | 8821109-0 8821109-1 8821109-2 8821109-3 8821109-4 | All Assets of the Debtor now owned or hereafter acquired and all proceeds therefrom: |
| CHTD Company | 91554746 | Present and future accounts, receivables, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment and inventory. |
| Decathlon Alpha III, L.P. | 91676432 | All proceeds thereof, et al. |
| CT Corporation System, as Representative | 91763683 | All assets now owned, or hereafter acquired. |

     PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| CT Corporation System, as Representative | 91796091 | Receivables- All Assets now owned or hereafter acquired and wherever located. |
| Capital Funding ASAP LLC | 92032769 | Accounts Receivable, Cash, Cash Proceeds, Accounts, Chattel Paper, Equipment, General Intangibles, Inventory, Instruments Related to the Receipts, Instruments Related to the Future Receivables. |

E.       Other than the Lien Creditors noted above, Debtor is not aware of any parties

holding an interest in Cash Collateral.  The parties below have filed UCC financing

statements with the Oregon Secretary of State, but Debtor contends none of the parties

below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| De Lage Landen Financial Services, Inc. | 91220101 | Equipment:  All equipment leased or financed by Secured Party to or for Debtor pursuant to Secured Party's contract number 100-10142934 |
| Star Funding, Inc. | 91544906 | All personal property and fixtures and other assets of the Debtor, whether now owned or hereafter acquired |
| Targeted Lease Capital LLC | 91636107 | Equipment: 1 HOBART #A-200 MIXER serial # 31-1204-870 2 Stainless Steel Wax Melter 65 lb. 1 pc Melter 1 Free Sample: Brandied Pear 1 oz Bottle 1Jet Air and Electric:Jet 2x500 (Air & Electric) Piston Filler Double Head JET-2x500 Fills Liquids, Pastes, Scrubs, Peanut butter, et al. |
| Targeted Lease Capital LLC | 91642170-0 91642170-1 | Equipment:  HOBART A 200 115V 20 QT MIXER W/ NEW SS BOWL AND ATTACHMENTS GRAY PAINT SKU# HA200-C1N-00002 1 - Global Industrial Auto Floor Scrubber S/N: wb641264 1 - |

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| | | 2620003 20" Global Scrub Brush 1 - Replacement Front squeegee 262000 1, et al. |
| Toyota Industries Commercial Finance, Inc. | 91805048 | Toyota forklift model 8HBW23 serial number 31144 |
| Dal Porto Consulting, Inc. | 92066083 | Qty 1-Used Doboy Model SK Shrink Film Mustang IV Horizontal Wrapper. Qty 1-Used Extreme Model XT18-R High Speed Shrink Tunnel. |

**NOW, THEREFORE, it is ORDERED as follows:**

1.      Debtor is authorized to use Cash Collateral not to exceed $845,000.00 for the period covering November 6, 2019 through and including December 7, 2019 (the "Budget Period"), for the purposes specified in the Budget.  Debtor's authority to use Cash Collateral is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the budget variance shall not exceed ten percent (10%) of any line item expenditures under the Budget for the Budget Period.

2.      Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of Lien Creditors' collateral arising from Debtor's use of the Cash Collateral post-petition, the Lien Creditors are each granted the following adequate protection:

   a)      A perfected lien and security interest on all property, whether now owned or hereafter acquired by Debtor of the same nature and kind as secured by the claim of each of the Lien Creditors on the Petition Date (the "Replacement Lien"); provided, however, that such Replacement

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Lien shall not attach to avoidance or recovery actions of Debtor's estate under Chapter 5 of the Code; and provided, further, that such Replacement Lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date (such property on which the Replacement Lien shall attach being referred to herein as the "Replacement Collateral").

b) The interests of the Lien Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

c) Debtor shall timely perform and complete all actions necessary and appropriate to protect the Cash Collateral against diminution in value.

d) The Replacement Lien on the Replacement Collateral shall be perfected and enforceable upon entry of this Order without regard to whether such Replacement Lien is perfected under applicable non-bankruptcy law.

e) The Replacement Lien shall be in addition to all other liens and security interests securing the secured claims of the Lien Creditors in existence on the Petition Date. Nothing in the Order shall abridge or limit Lien Creditors' security interests in proceeds, products or profits to extent provided under Section 552 of the Bankruptcy Code.

f) Debtor shall keep Lien Creditors' collateral and Replacement Collateral free and clear of all other liens, encumbrances and security interests, other than those in existence on the Petition Date, and shall pay when

PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

due all taxes, levies and charges arising or accruing from and after the Petition Date.

g)    Upon reasonable prior notice, Debtor shall allow Lien Creditors access during normal business hours to Debtor's premises to inspect or appraise their collateral.

h)    If, notwithstanding the adequate protection provided by the terms of this Order, any of the Lien Creditors has a claim allowable under 11 U.S.C. §507(a)(2) arising from the stay of action against property of Debtor under 11 U.S.C. §362, from the use, sale or lease of such property under 11 U.S.C. §363, or from the granting of the replacement lien granted herein, then such Lien Creditor's claim under 11 U.S.C. §507(a)(2) shall have priority over every other claim under such subsection as provided by 11 U.S.C. §507(b).

3.    This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtor is authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time. To the extent

PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

4.      Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or Debtor's assets or (f) enhance the secured position of any creditor as of the Petition Date.

5.      Debtor is authorized to execute and deliver to the Lien Creditors such instruments considered by it to be necessary or desirable to perfect the security interests and liens given to it herein, and said parties are authorized to receive, file, and record the same.

6.      Absent further Order of the Court, Debtor's authority to use cash collateral shall terminate at 5:00 pm upon December 7, 2019 or the occurrence of any of the following: (a) the violation of the any of the terms of this Order, (b) the entry of an Order converting this case to a case under Chapter 7 of the Bankruptcy Code, (c) the termination, lapse, expiration or reduction of insurance coverage on Lien Creditors' collateral for any reason, or (d) the appointment of a trustee in this case.

7.      Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights

PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

or parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtor to contend that any party does not have a perfected lien or security interest in such cash.

8.      The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order: (a) confirming any plan of reorganization or liquidation; (b) appointing a trustee or examiner for the Debtor; (c) converting Debtor's case to one under Chapter 7 of the Code; or (d) dismissing Debtor's case. The priorities, liens and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

9.      In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

10.     This Order does not grant authority to the Debtor to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section

PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

503(b)(9). Debtor may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

11.     The final hearing on Debtor's Motion shall be held in Courtroom ___ of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Avenue, #700, Portland, Oregon 97204, on _____, 2019 at __:__ __.m.

12.     A copy of this Order and Notice of the final hearing on Debtor's Motion shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon: (a) Debtor's 20 largest unsecured creditors; (b) any known creditors claiming a security interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002.  Objections, if any, to the relief requested in the motion shall be in writing, shall state the name of the objecting party and the nature of the claim or interest of such party, shall state with particularity the reasons for the objections to the relief requested, and shall be served upon counsel for Debtor, Vanden Bos & Chapman, LLP, Attn: Douglas R. Ricks, 319 SW Washington St., Ste. 520, Portland, Oregon 97204 and filed, together with proof of service, with the Court no later than the deadline provided in the Notice (LBF 541.1) which accompanies this Order when served

###

PROPOSED INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**PRESENTED BY:**

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB 044026
    Of Attorneys for Debtor-in-Possession

**LBR 9021-1 CERTIFICATION**
I certify that I have complied with the requirement of LBR 9021-1(a); Proposed Order was attached to the Motion.

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB 044026

**First Class Mail:**

See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting the undersigned.)

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 19-34092-tmb11 |
| Fizz & Bubble, LLC | **PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL |
| Debtor-in-Possession. | |

THIS MATTER came before the Court on _____, 2019 on the Motion of

Debtor-in-Possession, Fizz & Bubble, LLC ("Debtor"), for final authority to use cash

collateral, due and adequate notice under the circumstances having been given, and the

Court having heard the representations and argument of counsel, and being otherwise fully

advised,

The Court finds that:

A.    On November 4, 2019 (the "Petition Date"), Debtor filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code (the "Code").  Debtor continues in

possession of Debtor's property and management of Debtor's businesses as Debtor-in-

possession, in accordance with 11 U.S.C. §§ 1107 and 1108.  No trustee or examiner has

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH
COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

been appointed.  The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334.  Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1.D.

B.     Without the use of Cash Collateral, Debtor asserts it has insufficient funds to meet its expenses and other payments set forth in the attached Budget (**Exhibit 1**).  Debtor asserts there is an immediate need to use Cash Collateral to pay Debtor's payroll and other operating expenses and to preserve the value of Debtor's business.

C.     Debtor asserts it requires the use up to $3,000,000.00 for the period covering November 6, 2019 through and including March 31, 2020, in the amount and for the purposes set forth in the Budget, to meet Debtor's necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral.

D.     Debtor asserts that the following creditors, (the "Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Advance Business Capital LLC, dba Interstate Capital (fka Interstate Capital Corporation) | 8821109-0 8821109-1 8821109-2 8821109-3 8821109-4 | All Assets of the Debtor now owned or hereafter acquired and all proceeds therefrom: |
| CHTD Company | 91554746 | Present and future accounts, receivables, chattel paper, deposit accounts, personal property, assets and fixtures, general intangibles, instruments, equipment and inventory. |
| Decathlon Alpha III, L.P. | 91676432 | All proceeds thereof, et al. |
| CT Corporation System, as Representative | 91763683 | All assets now owned, or hereafter acquired. |

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11     Doc 13     Filed 11/06/19

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| CT Corporation System, as Representative | 91796091 | Receivables- All Assets now owned or hereafter acquired and wherever located. |
| Capital Funding ASAP LLC | 92032769 | Accounts Receivable, Cash, Cash Proceeds, Accounts, Chattel Paper, Equipment, General Intangibles, Inventory, Instruments Related to the Receipts, Instruments Related to the Future Receivables. |

E.      Other than the Lien Creditors noted above, Debtor is not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, but Debtor contends none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| De Lage Landen Financial Services, Inc. | 91220101 | Equipment: All equipment leased or financed by Secured Party to or for Debtor pursuant to Secured Party's contract number 100-10142934 |
| Star Funding, Inc. | 91544906 | All personal property and fixtures and other assets of the Debtor, whether now owned or hereafter acquired |
| Targeted Lease Capital LLC | 91636107 | Equipment: 1 HOBART #A-200 MIXER serial # 31-1204-870 2 Stainless Steel Wax Melter 65 lb. 1 pc Melter 1 Free Sample: Brandied Pear 1 oz Bottle 1Jet Air and Electric:Jet 2x500 (Air & Electric) Piston Filler Double Head JET-2x500 Fills Liquids, Pastes, Scrubs, Peanut butter, et al. |
| Targeted Lease Capital LLC | 91642170-0 91642170-1 | Equipment: HOBART A 200 115V 20 QT MIXER W/ NEW SS BOWL AND ATTACHMENTS GRAY PAINT SKU# HA200-C1N-00002 1 - Global Industrial Auto Floor Scrubber S/N: wb641264 1 - |

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11      Doc 13      Filed 11/06/19

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| | | 2620003 20" Global Scrub Brush 1 - Replacement Front squeegee 262000 1, et al. |
| Toyota Industries Commercial Finance, Inc. | 91805048 | Toyota forklift model 8HBW23 serial number 31144 |
| Dal Porto Consulting, Inc. | 92066083 | Qty 1-Used Doboy Model SK Shrink Film Mustang IV Horizontal Wrapper. Qty 1-Used Extreme Model XT18-R High Speed Shrink Tunnel. |

**NOW, THEREFORE, it is ORDERED as follows:**

1.      Debtor is authorized to use Cash Collateral not to exceed $3,000,000.00 for the period covering November 6, 2019 through and including March 31, 2020 (the "Budget Period"), for the purposes specified in the Budget.  Debtor's authority to use Cash Collateral is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the budget variance shall not exceed ten percent (10%) of any line item expenditures under the Budget for the Budget Period.

2.      Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of Lien Creditors' collateral arising from Debtor's use of the Cash Collateral post-petition, the Lien Creditors are each granted the following adequate protection:

a)      A perfected lien and security interest on all property, whether now owned or hereafter acquired by Debtor of the same nature and kind as secured by the claim of each of the Lien Creditors on the Petition Date (the "Replacement Lien"); provided, however, that such Replacement

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Lien shall not attach to avoidance or recovery actions of Debtor's estate
under Chapter 5 of the Code; and provided, further, that such
Replacement Lien shall be subject to all valid, properly perfected and
enforceable liens and interests that existed as of the Petition Date (such
property on which the Replacement Lien shall attach being referred to
herein as the "Replacement Collateral").

b)      The interests of the Lien Creditors in the Replacement Collateral shall
have the same relative priorities as the liens held by them as of the
Petition Date.

c)      Debtor shall timely perform and complete all actions necessary and
appropriate to protect the Cash Collateral against diminution in value.

d)      The Replacement Lien on the Replacement Collateral shall be
perfected and enforceable upon entry of this Order without regard to
whether such Replacement Lien is perfected under applicable non-
bankruptcy law.

e)      The Replacement Lien shall be in addition to all other liens and security
interests securing the secured claims of the Lien Creditors in existence
on the Petition Date.  Nothing in the Order shall abridge or limit Lien
Creditors' security interests in proceeds, products or profits to extent
provided under Section 552 of the Bankruptcy Code.

f)      Debtor shall keep Lien Creditors' collateral and Replacement Collateral
free and clear of all other liens, encumbrances and security interests,
other than those in existence on the Petition Date, and shall pay when

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

due all taxes, levies and charges arising or accruing from and after the Petition Date.

g)      Upon reasonable prior notice, Debtor shall allow Lien Creditors access during normal business hours to Debtor's premises to inspect or appraise their collateral.

h)      If, notwithstanding the adequate protection provided by the terms of this Order, any of the Lien Creditors has a claim allowable under 11 U.S.C. §507(a)(2) arising from the stay of action against property of Debtor under 11 U.S.C. §362, from the use, sale or lease of such property under 11 U.S.C. §363, or from the granting of the replacement lien granted herein, then such Lien Creditor's claim under 11 U.S.C. §507(a)(2) shall have priority over every other claim under such subsection as provided by 11 U.S.C. §507(b).

3.      This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtor is authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time. To the extent

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

4.     Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or Debtor's assets or (f) enhance the secured position of any creditor as of the Petition Date.

5.     Debtor is authorized to execute and deliver to the Lien Creditors such instruments considered by it to be necessary or desirable to perfect the security interests and liens given to it herein, and said parties are authorized to receive, file, and record the same.

6.     Absent further Order of the Court, Debtor's authority to use cash collateral shall terminate at 5:00 pm upon March 31, 2020 or the occurrence of any of the following: (a) the violation of the any of the terms of this Order, (b) the entry of an Order converting this case to a case under Chapter 7 of the Bankruptcy Code, (c) the termination, lapse, expiration or reduction of insurance coverage on Lien Creditors' collateral for any reason, or (d) the appointment of a trustee in this case.

7.     Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

or parties in interest to claim that any pre-petition lien or security interest in Debtor's

property is unperfected, unenforceable, invalid or voidable, are reserved.  Additionally,

nothing in this Order shall constitute an admission or acknowledgment by Debtor that any

party has a valid or perfected lien in the cash of Debtor now existing or subsequently

received, and the references herein to "Cash Collateral" is without prejudice to all rights,

defenses and claims of Debtor to contend that any party does not have a perfected lien or

security interest in such cash.

8.      The provisions hereof and the effect of any actions taken hereunder shall

survive issuance and entry of any order: (a) confirming any plan of reorganization or

liquidation; (b) appointing a trustee or examiner for the Debtor; (c) converting Debtor's case

to one under Chapter 7 of the Code; or (d) dismissing Debtor's case.  The priorities, liens

and security interests granted herein shall continue in these or any superseding cases

under the Code, and any such liens and security interests shall maintain their priority as

provided herein until satisfied and discharged subject to the Code.

9.      In the event any or all of the provisions of this Order are hereafter modified,

amended or vacated by a subsequent order of this or any other court, no such modification,

amendment or vacation shall affect the validity and enforceability of any lien or priority

authorized or created hereby.  Notwithstanding any such modification, amendment or

vacation, any claim granted hereunder arising prior to the effective date of such

modification, amendment or vacation shall be governed in all respects by the original

provisions of this Order.

10.     This Order does not grant authority to the Debtor to pay any pre-petition

obligation, expense, or debt or to pay any administrative expense claims under Section

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

503(b)(9).  Debtor may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

11.    The final hearing on Debtor's Motion shall be held in Courtroom ___ of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Avenue, #700, Portland, Oregon 97204, on _____, 2019 at __:__ __.m.

12.    A copy of this Order and Notice of the final hearing on Debtor's Motion shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon: (a) Debtor's 20 largest unsecured creditors; (b) any known creditors claiming a security interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002.  Objections, if any, to the relief requested in the motion shall be in writing, shall state the name of the objecting party and the nature of the claim or interest of such party, shall state with particularity the reasons for the objections to the relief requested, and shall be served upon counsel for Debtor, Vanden Bos & Chapman, LLP, Attn: Douglas R. Ricks, 319 SW Washington St., Ste. 520, Portland, Oregon 97204 and filed, together with proof of service, with the Court no later than the deadline provided in the Notice (LBF 541.1) which accompanies this Order when served

###

**PRESENTED BY:**

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks_____
    Douglas R. Ricks, OSB 044026
    Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List. (The original Service List is attached to the original copy filed with the Court only.  Creditors may request a copy of the Service List by contacting the undersigned.)

**PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**LBR 9021-1 CERTIFICATION**

I certify that I have complied with the
requirement of LBR 9021-1(a); Proposed
Order was attached to the Motion.

By:/s/Douglas R. Ricks_____
    Douglas R. Ricks, OSB 044026

**Electronic Mail:**

The foregoing was served on all CM/ECF
participants through the Court's Case
Management/Electronic Case File system

Page 10 of 10   **PROPOSED** FINAL ORDER AUTHORIZING USE OF CASH
                COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EX B - Page 10 of 10**

Case 19-34092-tmb11    Doc 13    Filed 11/06/19