Douglas R. Ricks, OSB 044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-34092-tmb11 |
|---|---|
| Fizz & Bubble, LLC | DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS |
| Debtor-in-Possession. | |

I, Kimberly A. Mitchell, declare as follows under penalty of perjury:

1.  This omnibus statement of facts and declaration (this "Declaration") is submitted in support of the Chapter 11 petition and first-day pleadings of Debtor-in-Possession Fizz & Bubble, LLC ("Debtor") in the above-captioned Chapter 11 case, filed before this Court on November 4, 2019 (the "Petition Date").

2.  I am a member and a 100% equity holder of the Debtor. I perform the duties of the owner, co-founder, and chief creative officer of the Debtor and coordinate with my husband, Craig Barnes, who is the other co-founder and chief executive officer of the Debtor, on all operational matters, including accounting, legal issues, marketing, promotions, product design and development, insurance matters, employment issues, and lenders. I am intimately familiar with Debtor's business and financial affairs. I submit this Declaration based on personal knowledge.

Page 1 of 12    DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

3.  The statements set forth below are true and correct to the best of my personal knowledge, and if called to testify to those statements, I would do so competently.

## BACKGROUND REGARDING DEBTOR'S BUSINESS

4.  Debtor is a limited liability company headquartered in Wilsonville, Clackamas County, Oregon. Founded in 2008 as Beau Bain, LLC, Debtor creates, manufactures, and distributes skin softening and rejuvenating skin products for baths, body, shower, and face, with a proprietary 8-Oil Blend that is a natural blend of eight moisturizing oils used in Debtor's products such as soaps, scrubs, lotions, and bubble bath.

5.  The business has grown substantially since 2016 when it began to attract attention from major retailers. Debtor changed its name to Fizz & Bubble, LLC in November of 2016 and is now featured in stores such as Ulta, Kohl's, TJMaxx, QVC, and Bed Bath & Beyond. Debtor's products may also be found in gift shops, hotels, and spas across the United States. In addition, online sales are generated through the Debtor's online store and through Amazon and other e-retailers.

6.  Debtor's physical facilities include the main operations and manufacturing center in Wilsonville, Oregon along with warehousing and storage facilities in Tualatin, Oregon and Molalla, Oregon. Both my husband and I continue to be involved in all operations of the business.

## EVENTS NECESSITATING BANKRUPTCY FILING

7.  With the influx of orders from major retailers, Debtor had to ramp up its production rapidly. The need for capital to purchase raw materials for manufacturing led to increased borrowing from high interest lenders to try and keep up with demand.

8.  In September 2018, Debtor secured a line of funding from Decathlon Capital Partners. The funding, in the form of revenue-based financing, was provided by Decathlon

Page 2 of 12    DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

Alpha III, L.P. (the "Lender" or "Decathlon"). The original advance was made to the Debtor in the amount of $2,500,000; subsequent advances were made of $1,000,000 on October 17, 2018 and $500,000 on April 11, 2019 (the "Revenue-Based Loans"). The most recent advance acknowledged certain existing defaults and required a sale of the Debtor's equity interests in an amount exceeding $5,000,000 on or before June 30, 2019, which did not occur as explained below.

9. After hiring an investment banker earlier this year, Debtor had procured a letter of intent from Gauge Capital for purchase of a 70% interest in the company at a price of not less than $23 million. This proposed purchase, however, was contingent on the purchase of a second, unrelated company, which Gauge sought to merge with the Debtor to enhance both companies' capabilities. Regrettably, this proposed purchase fell apart, and Decathlon has declared a default coupled with a request for the Debtor to enter into a surrender agreement for all of the business assets.

10. While attempting keep up with demand from its customers, and under the funding deadline from its Lender, Debtor continued to fund its growth with increased borrowing. This borrowing came in the form of merchant cash advance loans (the "MCA Loans"), which require daily remittances by ACH. Until those remittances were cut off recently, the Debtor was paying in excess of $2,300 daily to make the remittances due to the MCA Loans, which has translated to over $250,000 paid in interest in 2019 alone. Cutting off the ACH transfers to the MCA lenders, however, pushed them to try and collect directly on the Debtor's outstanding accounts receivable.

11. The high cost of the increased borrowing, combined with increased costs for raw materials, pushed the Debtor into an extreme cash crunch by October of this year. Due to a customer's nonpayment, Debtor lacked the cash to meet its payroll obligations that

Page 3 of 12    DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

came due on October 11, 2019. Since that date, Debtor has been operating with a reduced workforce in order to continue to fill orders and build cash on hand in order to resume regular operations, including resuming regular payroll and restoring missed payroll to all current employees. On the Petition Date, the Debtor faced a lockout from its landlord for its primary facility in Wilsonville, Oregon due to nonpayment.

12. Debtor's products remain in high demand in the marketplace. Debtor currently holds over $1.4 million in open purchase orders for the fourth quarter of this year. In addition, I have taken fielded inquiries and taken meetings with several major retailers who have expressed interest in the Debtor's products. If the trend continues, the Debtor expects a strong finish to 2019, and 2020 projects to be a strong year for the business.

13. Debtor is committed to undertaking efforts in Debtor's Chapter 11 case to effectively reorganize, including by refinancing debt, taking additional equity investment, or a sale of the business as a going concern. Debtor believes that a sale as a going concern, rather than a liquidation, will yield net sale proceeds sufficient to pay the Lender in full and maximize the potential return to all other stakeholders.

14. Debtor's business has always been run by me and my husband, Craig Barnes, and I am currently involved in the daily operations of the business. In addition, Debtor is supported by its controller, Kim Rudolph, and its business advisor, Matthew Wilson. All of the beforementioned have been working for wages or salaries significantly below market rates. Replacing the services provided by those individuals would have significantly diminished Debtor's cash flow.

15. By seeking a breathing spell in bankruptcy, Debtor's will be able to shift focus to initiating a marketing process through one or more transactions (including a possible

Page 4 of 12   DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

refinancing) that will likely yield net proceeds sufficient to provide a significant dividend to creditors and maximize enterprise value for all stakeholders.

## FIRST DAY PLEADINGS[1]

16.  This Declaration is also submitted in support of the factual allegations contained in the following motions, filed contemporaneously with this Declaration: (1) Motion for Authority to Pay Prepetition Payroll, Payroll Taxes, Employee Health Insurance Premiums and Workers' Compensation Premiums ("Wages and Benefits Motion"); (2) Debtor's Motion for Interim and Final Orders Authorizing Use of Cash Collateral ("Cash Collateral Motion"); and (3) Motion for Order Authorizing Continued Use of Certain Existing Bank Accounts ("Deposit Account Motion").

**A.    Wages and Benefits Motion.**

17.  As of the Petition Date, Debtor employed, collectively, 38 individuals. Debtor employs 29 hourly employees, 6 salaried employees, and 3 individuals in management who are also salaried. I also receive a salary as part of the regular payroll.

18.  The employees perform a variety of critical functions including operating the Debtor's business and performing many administrative, maintenance, accounting, management, manufacturing, sale of products, and other tasks. The employees' skills and their knowledge and understanding of Debtor's operations and customer relations are essential to the effective reorganization of Debtor's business. Without the employees' continued services, an effective restructuring of Debtor's will not be possible.

19.  If employees do not receive their prepetition benefits and compensation in the ordinary course, they may suffer personal hardship and unnecessary distraction from their

---

[1] All capitalized terms used in this section bear the same meaning as used in the respective first day pleadings to the extent not otherwise defined herein.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

duties. That could seriously undermine employee morale and cause some employees to resign their positions, causing immediate and pervasive damage to Debtor's ongoing business operations. Given the size of Debtor's workforce, any significant deterioration in morale at this time will substantially and adversely affect Debtor and Debtor's ability to reorganize, resulting in immediate and irreparable harm to Debtor's estate.

20. Because Debtor has paid to its current employees on its employee-related obligations through the most recent pay period--indeed, current employees were paid wages for all work performed through October 19, 2019--all accrued prepetition obligations owing to individual employees will be substantially less than the statutory cap of $12,850 for priority treatment set by Bankruptcy Code §§ 507(a)(4) and (a)(5).

21. Debtor's Employee Obligations include wages, salaries, certain payroll deductions and withholdings, and Reimbursable Expenses. Before the Petition Date, Debtor customarily either paid or withheld all of these Employee Obligations in the ordinary course of business. The following describes the Employee Obligations and the estimated liabilities associated with each.

22. All hourly employees are paid bi-weekly every other Friday, approximately one weeks in arrears. All salaried employees are paid twice per month, on the first ordinary paydays for hourly employees. Debtor has paid all payroll obligations to current employees through October 25, 2019, the last completed pay period before the Petition Date which included payroll obligations incurred from October 7, 2019 through and including October 19, 2019. Debtor's next payroll is November 8, 2019 which represents the payroll obligations from October 21, 2019 through and including November 2, 2019 (the "Current Pay Period"). For the Current Pay Period, Debtor's payroll is approximately $32,730.00 per pay period in gross wages for hourly employees, plus commissions, and approximately

Page 6 of 12   DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

$16,855.00 per pay period for salaried employees. Salaries for management personnel, including myself, are approximately $24,000.00 per pay period. Payments to employees are processed internally by Debtor's bookkeeper.

23. Debtor is required by law to withhold from an employee's paycheck amounts related to federal and state income taxes and social security and Medicare taxes (collectively, the "Withholding Taxes") for remittance to the appropriate taxing authorities. The Debtor must also match from Debtor's own funds social security and Medicare taxes withheld and pay (based on a percentage of gross payroll) additional amounts for state and federal unemployment insurance (the "Employer Payroll Taxes" and, together with the Withholding Taxes, the "Payroll Taxes"). Debtor withholds a total of approximately $10,037.00 from all employees' paychecks for Payroll Taxes during each payroll, which are funded through a direct withdrawal from Debtor's operating account on the day payroll is made. Debtor pays approximately $3,665.00 in Employer Payroll Taxes during each payroll pay period. Therefore, to the extent that any payroll has not been processed for the prepetition period Debtor has not funded the Payroll Taxes. Accordingly, Debtor seeks authority to continue to process and remit all prepetition Payroll Tax obligations in the ordinary course of business.

24. Debtor provides full-time employees with (i) five hours of accrued paid time off ("PTO") per month for those employees with less than 3 years of service, and (ii) eight hours of accrued PTO per month for those employees with over 3 years of service. Debtor does not pay out PTO upon termination of employment for any reason. It is possible that at least some employees will have accrued PTO during the prepetition period that ultimately will be unused. Debtor seeks authority, if necessary, to pay any unused prepetition PTO in the ordinary course of business.

Page 7 of 12   DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

25. Debtor provides employees with various insurance options and programs (collectively, the "Employee Benefits"). For the Current Pay Period, Debtor intends to withhold from gross pay for employees and pay approximately $1,810.00 for such Employee Benefits. Debtor seeks authority to continue each of these Employee Benefits, to satisfy Debtor's associated obligations, and to remit all withholdings associated with these Employee Benefits.

26. Debtors provides workers' compensation benefits to its employees at the legally-required levels. Under Oregon state law, Debtor must maintain the workers' compensation program to ensure prompt and efficient payment and reimbursement of its employees' claims. If Debtor fails to maintain the workers' compensation program, Debtor will be prohibited by state law from operating. Debtor's payment of all workers' compensation amounts is, therefore, crucial to the continued operation of Debtor's business. Premiums are typically a total of $4,369.45 per month to Liberty Mutual and are due by the 12th day of each month.

27. In the ordinary course of business, Debtor reimburses its employees for expenses and charges incurred in performing their duties or otherwise in connection with Debtor's business operations. Similarly, many business expenses are paid with personal credit cards and Debtor's routinely reimburses the holders of the credit cards in the ordinary course of business. Debtor asserts that the monthly cost associated with this reimbursement policy is minimal and that no such reimbursements were outstanding on the Petition Date.

28. With respect to the deductions and Withholding Taxes described above, I believe that failure to remit such deductions and Withholding Taxes to the proper third parties may cause serious disruption to Debtor's business operations.

Page 8 of 12    DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

29. Moreover, these employees rely on their full compensation to meet their daily living expenses and will be exposed to significant financial difficulties if Debtor is not permitted to pay the Employee Obligations, Reimbursable Expenses and Employee Benefits. In fact, if Debtor is unable to honor these obligations, employee morale and loyalty may be jeopardized at a time when their support is critical. Debtor's employees' continued service and dedication is critical to Debtor's reorganization.

**B.      Cash Collateral Motion.**

30. As outlined above, Lender asserts the Debtor is in default under the terms of the promissory notes and other documents evidencing the Revenue-Based Loans (as amended to date, the "Revenue-Based Loan Documents"). We do not deny certain such default(s) exist.

31. The Revenue-Based Loan Documents include security agreements covering fixtures and other associated personal property including inventory, accounts receivable, and equipment. I understand Lender and its predecessors filed UCC Financing Statements with the Oregon Secretary of State.

32. As stated above, the creditors holding the MCA Loans assert that Debtor is in default under the terms of various promissory notes and other documents evidencing the MCA Loans. Debtor does not deny such defaults exists. The MCA Loans are secured by future accounts receivable. One or more of the creditors holding the MCA Loans have sought to collect directly from Debtor's customers, thereby interrupting Debtor's inflow of cash.

33. The Debtor urgently and immediately needs to use the cash it generates from its postpetition business operations in order to continue as a going concern. Cash is

Page 9 of 12    DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

needed to, among other things, to pay postpetition operating expenses including payroll, as well as other expenses of operating an ongoing business.

34. Debtor will only use cash collateral in accordance with the Budget attached to the proposed orders on the Cash Collateral Motion and any orders from the Court, including tolerances approved by the Court. The Debtor developed the Budget based on the historical books and records of the company, reflecting a cash flow forecast taking into account anticipated cash receipts and disbursements. The Budget includes the cost of labor, payroll taxes, insurance, utilities, and ordinary course expenses projected for the postpetition period. These expenditures are essential to the current operation of the Debtor's business. They are also ordinary, customary, and consistent with the Debtor's prepetition operations in all material respects, except that they include known costs of operating in Chapter 11 such as professional fees and fees of the United States Trustee.

35. Use of the cash collateral will not only protect and preserve the Debtor's assets by maintaining its business as a going concern; the cash collateral use will also enhance the value of the business by generating additional revenue. Conversely, inability to use the cash collateral will almost certain result in an interruption in operations of the Debtor, will impede its ability to collect and expend cash generated from the operation of the business, and will jeopardize the going concern value of the business and, thus, the value of the estate.

**C.    Deposit Account Motion**

36. The Debtor intends to open new, debtor-in-possession accounts at Wells Fargo, N.A. However, Debtor's current banking relationship is with Chase Bank. One of the accounts at Chase Bank is used for ACH deposits from the Debtor's customers (the "Business Checking Account").

Page 10 of 12    DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

37. As outlined above, the Debtor's principal sources of cash flow stem from operating sales to large, national and international retailers with individualized, specific payment protocols for payments of invoices to suppliers and vendors, such as the Debtor.

38. In my experience, changing the ACH payment arrangements from such retailers can take two to four weeks before payments would be redirected to a new account.

39. The Debtor seeks a waiver of the United States Trustee's requirement that all prepetition Bank Accounts be closed. If enforced in this case, that requirement would cause significant and unnecessary disruption in the Debtor's business, would cause the estate unnecessary expense, and would impair the Debtor's efforts to reorganize and maintain the value of its estate. The Business Checking Account is an established part of the Debtor's cash flow system that the Debtor needs in order to ensure smooth collections and disbursements in the ordinary course of its business. The Debtor is also concerned that the disruption that would result from closing the current accounts and opening new accounts could cause customers and creditors to become alarmed, given that it is my understanding these types of requests are routinely granted in Chapter 11 cases involving operating business debtors.

40. In order to avoid delays in payments to administrative creditors, to ensure as smooth a transition into Chapter 11 as possible with minimal disruption, and to aid in the Debtor's efforts to successfully and rapidly complete this case, it is important that the Debtor be permitted to continue to maintain the Business Checking Account in the ordinary course of business and under the existing agreements between the Debtor and Chase Bank for a period of not less than 60 days.

41. Chase Bank is the holder of an unsecured claim against the Debtor and may assert a right of setoff.

Page 11 of 12  DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand the above statements are made for use as evidence in Court and are subject to penalty for perjury.

Dated: November 6, 2019

By: /s/Kimberly A. Mitchell
Kimberly A. Mitchell, Declarant

Page 12 of 12   DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 16    Filed 11/07/19

In re Fizz & Bubble, LLC
Bankruptcy Case No. 19-34092-tmb11

CERTIFICATE - TRUE COPY

DATE:             November 7, 2019

DOCUMENT:   DECLARATION OF KIMBERLY A. MITCHELL IN SUPPORT OF FIRST DAY PLEADINGS

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting the undersigned.)

by mailing a copy of the above-named document to each of the above in a sealed envelope addressed to the same at his, her, or their last known address. Each envelope was deposited into the postal system at Portland, Oregon, on the above date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: November 7, 2019       VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB 044026
    Of Attorneys for Debtor-in-Possession

Page 1 – CERTIFICATE OF SERVICE

In re Fizz & Bubble, LLC;
Ch 11 Bankruptcy Case No. 19-34092-tmb11
**Service List**
**Any creditors appearing twice on this list were only sent one email and one mailed copy of the document(s).**

**20 LARGEST UNSECURED CREDITORS:**

Bruce Wood, LLC
Attn: Bruce Wood
0932 SW Palatine Hill Rd.
Portland, OR 97219
**Via Email: glennjsmith@yahoo.com**

Capital Funding ASAP, LLC
695 Cross Street
Lakewood, NJ 08701
**Via Email: jordan@capitalfundingasap.com**

Connie Smith
0932 SW Palatine Hill Rd
Portland, OR 97219
**Via Email: glennjsmith@yahoo.com**

Diane Humke
32272 Apple Valley Rd
Scappoose, OR 97056
**Via Email: dhumke@gmail.com**

Erik Piper
4032 SE Ogden Street
Portland, OR 97202
**Via Email: erikpiper@fizzandbubble.com**

Ernest Packaging Solutions
9255 NE Alderwood Rd
Portland, OR 97220
**Via Email:** twilson@ernestpkg.com

Express Services
PO Box 4427
Portland, OR 97208
**Via Email: Andrea.Adams@TheStollerGroup.com**

Harsch Investment Property
1620 SW Taylor, Suite 300
Portland, OR 97205
**Via Email: jeffn@harsch.com & lisar@harsch.com**

IDL Worldwide
PO Box 536642
Pittsburg, PA 15253
**Via Email: sturchick@idlww.com**

IPT
PO Box 206918
Dallas, TX 75320
**Via Email: dcartel@cmiweb.com**

Kenneth Humke
1432 SE 72nd Ave
Portland, OR 97015
**Via Email: dhumke@gmail.com**

LTK LLC
5648 Evans Valley
Loop Road NE
Silverton, OR 97381
**Via Email: kevin@Trianglefarmseeds.com**

Now CFO
5251 S Green Street, Suite 350
Murray, UT 84123
**Via Email: bnelson@nowcfo.com**

OMEP
7650 SW Beveland St, Ste 170
Portland, OR 97223
**Via Email: mvanier@omep.org**

Oswego Financial Services
0932 SW Palatine Hill Road
Portland, OR 97219
**Via Email: glennjsmith@yahoo.com**

Premier Press
5000 N Basin Ave
Portland, OR 97217
**Via Email: danielle.rogers@premierpress.com**

Queen Funding, LLC
Attn: Jordan Jenson
101 Chase Ave, Suite 208
Lake Wood, NJ 08701
**Via Email: jordan@capitalfundingasap.com**

RPG
119 West 57th Street
New York, NY 10019
**Via Email: ajaykhanna@rpg57.com**

Tricor Brands
7931 NE Halsey St, #101
Portland, OR 97213
**Via Email: melita@TricorBrandsit.com**

Valerie Humke
1919 NW 87th Circle
Vancouver, WA 98665
**Via Email: dhumke@gmail.com**

**SECURED CREDITORS:**

Bruce Wood, LLC
Attn: Bruce Wood
0932 SW Palatine Hill Rd.
Portland, OR 97219
**Via Email: glennjsmith@yahoo.com**

Capital Funding ASAP LLC
125 Pearl St
New York, NY 10038
**Via Email: jordan@capitalfundingasap.com**

Connie Smith
0932 SW Palatine Hill Rd
Portland, OR 97219
**Via Email: glennjsmith@yahoo.com**

Decathlon Alpha III, LP
c/o James Brand, Esq
1441 West Ute Blvd, Suite 240
Park City, UT 84098
**Via Email: jbrand@fredlaw.com**

Diane Humke
32272 Apple Valley Rd
Scappoose, OR 97056
**Via Email: dhumke@gmail.com**

Erik Piper
4032 SE Ogden Street
Portland, OR 97202
**Via Email: erikpiper@fizzandbubble.com**

Kenneth Humke
1432 SE 72nd Ave
Portland, OR 97015
**Via Email:** dhumke@gmail.com

<u>In re Fizz & Bubble, LLC;</u>
Ch 11 Bankruptcy Case No. 19-34092-tmb11
**Service List**
**Any creditors appearing twice on this list were only sent one email and one mailed copy of the document(s).**

Queen Funding, LLC
Attn: Jordan Jenson
101 Chase Ave, Suite 208
Lake Wood, NJ 08701
**Via Email:**
**jordan@capitalfundingasap.com**

Unique Funding Solutions, LLC
Attn: Jordan Jenson
2715 Coney Island Ave
Brooklyn, NY 11235
**Via Email:**
**jordan@capitalfundingasap.com**

Valerie Humke
1919 NW 87th Circle
Vancouver, WA 98665
**Via Email: dhumke@gmail.com**

WG Fund, LLC
Attn: Jordan Jenson
1980 Swarthmore Ave
Lakewood, NJ 08701
**Via Email:**
**jordan@capitalfundingasap.com**

**SECURED LIENHOLDERS:**

Advance Business Capital LLC
d/b/a Interstate Capital
701 Canyon Drive, Ste 100
Coppell, TX 75019
**Via Email:**
**mespinoza@tbcap.com**

Advance Business Capital LLC
c/o C T Corporation System,
Registered Agent
1999 Bryan St. Ste 900
Dallas, TX 75201

Star Funding, Inc.
237 West 37th Street 5th Flr
New York, NY 10018
**Via Email:**
**jerhard@starfunding.com**

Star Funding, Inc.
c/o Martin Weingarten, CEO
266 Keap St., #2L
Brooklyn, NY 11211

Decathlon Alpha III, LP
Attn: John Borchers
1441 West Ute Blvd, Suite 240
Park City, UT 84098
**Via Email:**
**jborchers@decathloncapital.com**

Decathlon Alpha III, LP
c/o The Corporation Trust Company,RA
780 Commercial St SE Ste 100
Salem, OR 97301

Decathlon Alpha III, LP
c/o The Corporation Trust Company, RA
Corp Trust Ctr - 1209 Orange St
Wilmington, DE 19801

Pawnee Leasing Corporation
3801 Automation Way
Fort Collins, CO 80525
**Via Fax No. 970-224-1105**

Targeted Lease Capital LLC
5500 Main St., Ste 300
Williamsville, NY 14221
**Via Email:**
**kdischner@targetedleasecapital.com**

Targeted Lease Capital LLC
5500 Main St., Ste 300
Williamsville, NY 14222

Targeted Lease Capital LLC
c/o Business Filings Incorporated,
Registered Agent
108 West 13th St
Wilmington, DE 19801

C T Corporation System,
as representative
330 N Brand Blvd, Ste 700;
Attn: SPRS
Glendale, CA 91205
**Via Fax: (818) 662-4141**

C T Corporation System,
as representative
330 N Brand Blvd, Ste 700;
Attn: SPRS
Glendale, CA 91205

Toyota Industries Commercial
Finance, Inc.
PO Box 9050
Coppell, TX 75022
**Via Fax: 866-601-8570**

Toyota Industries Commercial
Finance, Inc.
c/o C T Corporation System,
Registered Agent
780 Commercial St SE Ste 100
Salem, OR 97301

Capital Funding ASAP LLC
125 Pearl St
New York, NY 10041
**Via Email:**
**jordan@capitalfundingasap.com**

Capital Funding ASAP LLC
695 Cross Street suite 175
Lakewood, NJ 08701

Dal Porto Consulting, Inc.
508 Danby Ct
Petaluma, CA 94954
**Via Email:**
**ardalporto@adv-process.com**

Dal Porto Consulting, Inc.
c/o Anthony Dal Porto,
Registered Agent
509 Danby Ct
Petaluma CA 94954

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system