UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
 )
 ) **Notice of Preliminary Hearing on Motion**
 )   **For Use of Cash Collateral**
 )   **To Obtain Credit**
Debtor(s) ) **(Check One)**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion
   For Use of Cash Collateral   To Obtain Credit (check one). The motion is attached and it includes (1) the statement required by Local Bankruptcy Form (LBF) 541.5 and (2) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____
   _____
   _____ .

   b. The amount of   cash collateral   credit (check one) necessary to avoid the harm detailed above prior to the final hearing is _____ .

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are:
   _____ .

3. A preliminary hearing on the motion will be held as follows:

   **Date:** _____ **Time:** _____ **Location:** _____

   Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following:

   a. attend the preliminary hearing.

   b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

   If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule (LBR) 9004-1(b).

541.1 (12/1/2018)    Page 1 of 2

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent [or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)], any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                               OSB #

_____
(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

In re Fizz & Bubble, LLC;
Ch 11 Bankruptcy Case No. 19-34092-tmb11
**Service List**
**Any creditors appearing twice on this list were only sent one email and one mailed copy of the document(s).**

Fizz & Bubble, LLC
Attn: Kimberly A. Mitchell
27120 SW 95th Ave., Ste. 3280
Wilsonville, OR 97070

**OFFICIAL UNSECURED CREDITOR'S COMMITTEE:**

Oswego Financial Services
Attn: Glenn J. Smith
4091 Coltsfoot Lane
Lake Oswego, OR 97035
**Email: glennjsmith@gmail.com**

Mike Vanier
7650 Beveland Street, Suite 170
Portland, Oregon 97223
**Email: mvanier@omep.org**

Bruce Wood
510 SW 5th Ave., Suite 300
Portland, Oregon 97204
**Email: bruce.wood@frednw.com**

Lloyd R. DuBois
0932 SW Palatine Hill Rd.
Portland, Oregon 97219
**Email: lloydr.dubois@gmail.com**

Express Employment Professionals
Wayne Marschall
7401 SW Washo Court, Suite 200
Tualatin, Oregon 97062
**VIA EMAIL:**
**wayne.marschall@thestollergroup.com**

Diane M. Humke
32272 Apple Valley Rd
Scappoose, OR 97056
**Email: dhumke@gmail.com**

**SECURED CREDITORS:**

Bruce Wood, LLC
Attn: Bruce Wood
0932 SW Palatine Hill Rd.
Portland, OR 97219
**Via Email: glennjsmith@yahoo.com**

Capital Funding ASAP LLC
125 Pearl St
New York, NY 10038
**Via Email:**
**jordan@capitalfundingasap.com**

Connie Smith
0932 SW Palatine Hill Rd
Portland, OR 97219
**Via Email:**
**glennjsmith@yahoo.com**

Decathlon Alpha III, LP
c/o James Brand, Esq
1441 West Ute Blvd, Suite 240
Park City, UT 84098
**Via Email:**
**jbrand@fredlaw.com**

Diane Humke
32272 Apple Valley Rd
Scappoose, OR 97056
**Via Email: dhumke@gmail.com**

Erik Piper
4032 SE Ogden Street
Portland, OR 97202
**Via Email:**
**erikpiper@fizzandbubble.com**

Kenneth Humke
1432 SE 72nd Ave
Portland, OR 97015
**Via Email: dhumke@gmail.com**

Queen Funding, LLC
Attn: Jordan Jenson
101 Chase Ave, Suite 208
Lake Wood, NJ 08701
**Via Email:**
**jordan@capitalfundingasap.com**

Unique Funding Solutions, LLC
Attn: Jordan Jenson
2715 Coney Island Ave
Brooklyn, NY 11235
**Via Email:**
**jordan@capitalfundingasap.com**

Valerie Humke
1919 NW 87th Circle
Vancouver, WA 98665
**Via Email: dhumke@gmail.com**

WG Fund, LLC
Attn: Jordan Jenson
1980 Swarthmore Ave
Lakewood, NJ 08701
**Via Email:**
**jordan@capitalfundingasap.com**

**SECURED LIENHOLDERS:**

Advance Business Capital LLC
d/b/a Interstate Capital
701 Canyon Drive, Ste 100
Coppell, TX 75019
**Via Email: mespinoza@tbcap.com**

Advance Business Capital LLC
c/o C T Corporation System,
Registered Agent
1999 Bryan St. Ste 900
Dallas, TX 75201

Star Funding, Inc.
237 West 37th Street 5th Flr
New York, NY 10018
**Via Email:**
**jerhard@starfunding.com**

Star Funding, Inc.
c/o Martin Weingarten, CEO
266 Keap St., #2L
Brooklyn, NY 11211

Decathlon Alpha III, LP
Attn: John Borchers
1441 West Ute Blvd, Suite 240
Park City, UT 84098
**Via Email:**
**jborchers@decathloncapital.com**

Decathlon Alpha III, LP
c/o The Corporation Trust
Company,RA
780 Commercial St SE Ste 100
Salem, OR 97301

Decathlon Alpha III, LP
c/o The Corporation Trust Company, RA
Corp Trust Ctr - 1209 Orange St
Wilmington, DE 19801

Pawnee Leasing Corporation
3801 Automation Way
Fort Collins, CO 80525
**Via Fax No. 970-224-1105**

In re Fizz & Bubble, LLC;
Ch 11 Bankruptcy Case No. 19-34092-tmb11
**Service List**
**Any creditors appearing twice on this list were only sent one email and one mailed copy of the document(s).**

Targeted Lease Capital LLC
5500 Main St., Ste 300
Williamsville, NY 14221
**Via Email:**
**kdischner@targetedleasecapital.com**

Targeted Lease Capital LLC
5500 Main St., Ste 300
Williamsville, NY 14222

Targeted Lease Capital LLC
c/o Business Filings Incorporated,
Registered Agent
108 West 13th St
Wilmington, DE 19801

C T Corporation System,
as representative
330 N Brand Blvd, Ste 700;
Attn: SPRS
Glendale, CA  91205
**Via Fax: (818) 662-4141**

C T Corporation System,
as representative
330 N Brand Blvd, Ste 700;
Attn: SPRS
Glendale, CA  91205

Toyota Industries Commercial Finance, Inc.
PO Box 9050
Coppell, TX 75022
**Via Fax:  866-601-8570**

Toyota Industries Commercial
   Finance, Inc.
c/o C T Corporation System,
Registered Agent
780 Commercial St SE Ste 100
Salem, OR 97301

Capital Funding ASAP LLC
125 Pearl St
New York, NY 10041
Via Email:
**jordan@capitalfundingasap.com**

Capital Funding ASAP LLC
695 Cross Street suite 175
Lakewood, NJ 08701

Dal Porto Consulting, Inc.
508 Danby Ct
Petaluma, CA 94954
Via Email:
**ardalporto@adv-process.com**

Dal Porto Consulting, Inc.
c/o Anthony Dal Porto,
Registered Agent
509 Danby Ct
Petaluma CA 94954

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system

Douglas R. Ricks, OSB 044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

    Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-34092-tmb11 |
|---|---|
| Fizz & Bubble, LLC | DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT |
| Debtor-in-Possession. | **Expedited Hearing Requested** |

    Pursuant to 11 U.S.C. §§ 364(c) and 364(d) and Bankruptcy Rule 4001(c), Debtor-in-Possession, Fizz & Bubble, LLC ("Debtors"), moves this Court for interim and final orders substantially in the form attached hereto as **Exhibit 1** (the "Interim Order") (a) authorizing Debtor to obtain post-petition financing pursuant to Section 364(c) of the Bankruptcy Code; and (b) scheduling an interim and final hearing (the "Motion"). In support of this Motion, Debtor respectfully represents as follows:

    1.    On November 4, 2019, Debtor commenced a reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

    2.    Pursuant to §§ 1107 and 1108 of the Code, Debtor is authorized to possession of Debtor's property and to operate and manage Debtor's business as debtors-in-possession.

Page 1 of 3    DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11   Doc 98   Filed 12/12/19

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested by this Motion are Sections 364(c) and 364(d) of Chapter 11 of Title 11 of the United States Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

6. By this Motion, Debtor requests entry of interim and final orders pursuant to 11 U.S.C. § 364(c) authorizing Debtor to (a) enter into a Loan Agreement ("Loan Agreement") on substantially the same terms and conditions as the Term Sheet attached to the Interim Order ("Term Sheet") which is attached hereto as **Exhibit 1,** and (b) obtain post-petition financing consisting of loans and advances from Decathlon Alpha III, L.P. ("Decathlon") on an secured basis allowable under 11 U.S.C. § 364(d) as an administrative expense allowable under 11 U.S.C. §§ 364(c) and 503(b)(1).

7. Debtor has an immediate need to obtain additional working capital in order to meet its obligations and operate its business.

8. Pursuant to the Term Sheet (and the forthcoming Loan Agreement), Decathlon has agreed to provide a lending facility in amounts totaling up to $250,000.00; provided that no more than $150,000.00 will be advanced until entry of a Final Order granting this Motion.

9. All loans made by Decathlon shall be treated as loans under the Loan Agreement, will accrue interest at 12.5% per annum, and will be payable on the earlier of the (a) 30 days after entry of the Interim Order, but subject to extension in Decathlon's sole discretion for additional 30-day increments, (b) the approval of an additional debtor-in-possession loan to the Debtor, unless agreed by Decathlon in its sole discretion, (c) the

Page 2 of 3  DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

effective date of any plan of reorganization confirmed in the Bankruptcy Case, (d) date of acceleration of the DIP Facility following the occurrence and during the continuance of an Event of Default, and (d) the effective date of a sale of all or any material portion of the assets of the Debtor.

10. Decathlon's unsecured administrative claim under Sections 364(c) and 503(b) of the Bankruptcy Code shall be subject and subordinate only to any unpaid fees of the U.S. Trustee pursuant to 28 U.S.C. § 1930(a).

11. It is in the best interests of Debtor and its estate to be authorized to obtain credit from Decathlon on an secured basis pursuant to the terms set forth in the Loan Agreement because it will assist Debtor in continuing the operation of its business in the ordinary course and preserving the going concern value of Debtor for the benefit of its creditors.

12. This Motion does contain a provision for a "priming" line pursuant to Section 364(d) of the Bankruptcy Code. However, Decathlon is the creditor impacted by such priming, as the senior lien creditor. In addition, the initiation of certain challenges to Decathlon's lien or debt (validity, priority, perfection, enforceability) will result in an event of default under the DIP Facility. As from such provisions, this Motion does not contain any of the "Discouraged Provisions" listed in LBF 541.5

13. WHEREFORE, Debtor requests the entry of an order granting the relief requested herein, and such other and further relief as the Court may deem proper.

Dated: December 12, 2019        VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks
Douglas R. Ricks, OSB 044026
Of Attorneys for Debtor-in-Possession

Page 3 of 3    DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT
Expedited Hearing Requested

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-34092-tmb11 |
|---|---|
| Fizz & Bubble, LLC | **PROPOSED** INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT AND SETTING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 |
| Debtor-in-Possession | |

THIS MATTER having come before the Court on December 16, 2019 upon Debtor-in-Possession, Fizz & Bubble, LLC's ("Debtor"), Motion for Interim and Final Orders Authorizing Debtor to Obtain Secured Credit (the "Motion"); notice of the Motion having been given pursuant to Bankruptcy Rule 4001(c) and LBR 4001 1.D; the Court having heard and considered the arguments of counsel and all relevant pleadings, exhibits, and documents of record in this case, and the representation of counsel at the time of hearing; now, therefore,

**FINDINGS**

The Court finds as follows:

Page 1 of 6    **PROPOSED** INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT AND SETTING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

EXHIBIT 1 - Page 1 of 10

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

A. On November 04, 2019 (the "Petition Date"), Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code.

B. Debtor continues in possession of its property and is continuing to operate and manage its businesses as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

C. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

D. Decathlon Alpha III, L.P. ("Decathlon") has agreed to extend post-petition loans to Debtor on an secured basis pursuant to 11 U.S.C. § 364(d) on the terms set forth in the Term Sheet attached hereto as **Exhibit A** (the "Term Sheet"), and subject to entry of findings by this Court that such financing is essential to the Debtor's estate, that it is extending credit to the Debtor pursuant to the Term Sheet in good faith, and that the protections granted by this Interim Order will be protected by 11 U.S.C. § 364(e).

E. Debtor requires financing in order to enable Debtor to maintain business operations and otherwise meet immediate financial demands. Without such financing, Debtor will be unable to pay wages, salaries, employee benefits, and operating expenses, and the enterprise value of Debtor's business will be diminished. Debtor's ability to maintain and preserve its assets and effect an orderly and efficient reorganization will be seriously jeopardized, to the substantial detriment of creditors, employees and other parties in interest.

F. Debtor will not be able to adequately finance its business operations by using only cash flow from operations, and Debtor needs to obtain additional capital in order to finance their operations.

Page 2 of 6   **PROPOSED** INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT AND SETTING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT 1 - Page 2 of 10

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

G. Debtor is unable to obtain adequate financing on equal or more favorable terms than those offered by Decathlon. Financing on a post-petition basis is not otherwise available without granting Decathlon (1) perfected security interests and liens on all of Debtor's existing and after-acquired assets with the priorities set forth herein, (2) a superpriority claim, and (3) the other protections set forth herein.

H. The proposed terms and conditions of the financial accommodations provided in the Term Sheet are fair and equitable, and in the best interest of Debtor's estate. The Term Sheet was negotiated in good faith and at arms' length between Debtor and Decathlon. The credit to be extended pursuant to this Interim Order shall be deemed to have been made in good faith, for valid business purposes and uses within the meaning of 11 U.S.C. § 364(e), and therefore Decathlon is entitled to the protections and benefits of such section.

I. An immediate need exists for Debtor to obtain credit in order to enable Debtor to operate its business pending a final hearing on the Motion and to avoid immediate and irreparable harm to Debtor, its estate and its creditors.

J. Based on the foregoing, good causes exist to grant the Motion on an interim basis and to enter this Interim Order. Now, therefore,

IT IS HEREBY ORDERED as follows:

1. The Term Sheet is approved in its entirety for the interim period pending further hearing.

2. Debtor is authorized to execute, if not previously executed, and deliver to Decathlon the Loan Agreement and any other documents necessary to implement the Term Sheet.

Page 3 of 6    **PROPOSED** INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT AND SETTING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT 1 - Page 3 of 10

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

3. Debtor is authorized and directed to incur indebtedness under the terms of the Term Sheet and otherwise make such payments and perform such obligations as required or permitted under the terms of the Loan Agreement.

4. Decathlon is granted, pursuant to Section 364(c) of the Bankruptcy Code, administrative expense priority allowable under Section 503(b)(1) of the Bankruptcy Code with respect to all loans and advances made pursuant to the Loan Agreement; and, pursuant to Section 364(d) of the Bankruptcy Code, Debtor is authorized to grant and does hereby grant to Decathlon a senior lien on all property of the estate, presently owned and hereafter acquired, as outlined on the Term Sheet; provided that Debtor shall not borrow more than $150,000.00 during the term of this Interim Order. Such lien shall be automatically and properly perfected. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of all liens granted herein without the necessity of filing or recording any instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect the liens granted herein.

5. Decathlon's unsecured administrative expense claim under Sections 364(c) and 503(b)(1) of the Bankruptcy Code shall be subject and subordinate only to any unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a).

6. Debtor shall use amounts available under the DIP Facility, as defined in the Term Sheet, only for the purposes set forth in the Term Sheet and Loan Agreement and in compliance with a Budget approved by Decathlon in accordance with the terms of the Loan Agreement.

Page 4 of 6    **PROPOSED** INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT AND SETTING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT 1 - Page 4 of 10

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

7. The occurrence of an "Event of Default" under the Term Sheet and the Loan Agreement shall constitute an event of default under this Interim Order, and shall permit Decathlon, in its discretion, to take such actions as permitted by the Loan Agreement.

8. If any or all provisions of this Order are hereafter reversed, modified, vacated or stayed by any subsequent order of this Court, such reversal, modification, vacation or stay shall not affect the validity of any obligation to Decathlon that is or was incurred by Debtor pursuant to this Order, and that is or was incurred prior to the Effective Date of such reversal, modification, vacation or stay. Such reversal, modification, vacation or stay shall not affect the validity and enforceability of any priority authorized or granted by this Order.

9. The final hearing on the Motion shall be held by the Court in Courtroom #____ of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Avenue, 7th Floor, Portland, Oregon 97204, on _____, 2019 at __:__ __.m., or as soon thereafter as counsel may be heard. Within three business days after the entry hereof, Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the final hearing, pursuant to LBR 4001-1.D and LBF 541.50.

###

PRESENTED BY:

| VANDEN BOS & CHAPMAN, LLP | **First Class Mail:** |
|---|---|
| By:/s/Douglas R. Ricks<br>Douglas R. Ricks, OSB 044026<br>Of Attorneys for Debtor-in-Possession | See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting the undersigned.) |

Page 5 of 6 **PROPOSED** INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT AND SETTING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT 1 - Page 5 of 10**

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

**LBR 9021-1 CERTIFICATION**
I certify that I have complied with the requirement of LBR 9021-1(a); Order was circulated with Motion.

By:/s/Douglas R. Ricks
  Douglas R. Ricks, OSB 044026

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system

Page 6 of 6  **PROPOSED** INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT AND SETTING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT 1 - Page 6 of 10**

Case 19-34092-tmb11    Doc 98    Filed 12/12/19

# TERM SHEET DATED DECEMBER 11, 2019

This term sheet (the "Term Sheet") sets forth a brief summary of certain indicative terms of a proposed debtor in possession loan (the "Transaction") between the Debtor (as defined below) and Decathlon Alpha III, L.P. ("Decathlon"). The Transaction is subject to further terms and conditions to be set forth in definitive documents, each of which shall be in form and substance reasonably satisfactory to the Debtor and Decathlon. This Term Sheet and the information contained herein shall be subject to the provisions set forth below under "Confidentiality".

This Term Sheet was prepared for discussion purposes only and does not create or impose any commitment or obligation, express or implied, on any party in any respect regarding a definitive agreement or otherwise. No party shall have any obligation, express or implied, to negotiate with respect to the transactions contemplated by this Term Sheet or to negotiate or enter into any definitive agreement.

| | |
|---|---|
| Overview: | The Transaction will be approved by the United States Bankruptcy Court for the District of Oregon ("Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). |
| Debtor: | Fizz & Bubble, LLC, (the "Debtor") |
| Decathlon: | Decathlon Alpha III, L.P. ("Decathlon") |
| DIP Facility: | Decathlon shall provide to Debtor a Debtor-in-Possession Loan Facility in the aggregate principal amount of **$250,000.00** (the "DIP Limit") under certain terms and conditions. |
| | Subject to satisfaction or waiver of all relevant conditions precedent, the DIP Facility shall be available upon the entry of an order of the Bankruptcy Court, approving the DIP Facility on an interim basis, in form and substance satisfactory to the Decathlon in its sole discretion (the "Interim Order"). |
| Purpose: | Amounts available under the DIP Facility shall be subject to, and used in a manner consistent with, the Budget (as defined below) (i) for payment of postpetition operating expenses to fulfill Kohl's orders; and (ii) once all necessary payments of postpetition operating expenses to fulfill Kohl's orders have been made, for payment of other postpetition operating expenses and costs and expenses incurred in administering the Case. In no event will funds under the DIP Facility be used to sue Decathlon, |

| | |
|---|---|
| | object to its claim, or challenge the attachment, perfection or priority of its liens and security interests. |
| Budget: | A thirteen-week cash flow budget shall be prepared and filed (before any borrowing and before any final hearing) by the Debtor in connection with the motion seeking Bankruptcy Court approval of the DIP Facility (such budget, including any updates, the "Budget"). The Budget will be subject to approval of Decathlon, in its reasonable discretion, shall include immediate payment of a retainer for Confluence (subject to court approval), and shall be updated on a weekly basis, each time in form and substance reasonably satisfactory to Decathlon. |
| Maturity Date: | The maturity date of the DIP Facility shall be the earliest of (i) 30 days after the first advance is made under the DIP Facility, but subject to extension in Decathlon's sole discretion for additional 30-day increments; (ii) the approval of an additional Debtor In Possession loan to the Debtor unless agreed to by Decathlon in its sole discretion; (iii) the effective date of a confirmed plan of reorganization in the Case pursuant to chapter 11 of the Bankruptcy Code; (iv) the date of acceleration of the DIP Facility following the occurrence and during the continuance of an Event of Default (as defined below); and (v) the effective date of a sale of all or any material portion of the assets of the Debtor. All amounts outstanding the DIP Facility shall be due and payable in full on the Maturity Date. |
| Interest: | Twelve and one-half (12.5)% *per annum*, calculated on the basis of the actual number of days elapsed in a year of 360 days. Interest shall accrue and be paid ratably with the principal as described above. |
| Default Interest and Fees: | During the continuance of an Event of Default (as defined below), interest will accrue at a rate of two (2)% *per annum* plus the rate otherwise applicable to the DIP Facility. |
| Mandatory Prepayments: | The DIP Facility shall be prepaid in an amount equal to (a) 100% of the net cash proceeds of any issuances of debt or equity by the Debtor (including any proceeds received under exit financing pursuant to any plan); (b) 100% of the net cash proceeds of any sale or other disposition (including as a result of casualty or condemnation and including any purchase price adjustment or earn-out in respect of any acquisition) by the Debtor of the Collateral, excluding sales in the ordinary course. |
| Security: | All obligations of the Debtor under the DIP Facility shall be secured by perfected, valid, binding, enforceable, non-avoidable, first priority, priming liens, senior to all pre-existing liens, on all assets of the Debtor. All such collateral for the DIP Facility shall be hereinafter referred to as the "Collateral" and the liens as the "DIP Liens." |

| | The DIP Liens on the Collateral shall be subject to prepetition, perfected, valid, binding, enforceable, and non-avoidable purchase money security interests ("PMSI's") solely to the extent such PMSI's are determined to be perfected, valid, binding, enforceable and non-avoidable (such liens, "Permitted Liens"). The DIP Liens shall be effective and perfected as of the effective date of the Interim Order, without the necessity of the execution of mortgages, security agreements, pledge agreements, financing statements, or other agreements. Notwithstanding the foregoing, the Debtor shall be authorized and directed to execute, and Decathlon shall be entitled to record, mortgages, financing statements, lien filings, and other evidence of perfection at Decathlon's request, and relief from stay shall be granted for this purposes in the Interim Order and Final Order. |
|---|---|
| Superpriority: | All obligations of the Debtor under the DIP Facility shall constitute allowed superpriority administrative expense claims (the "DIP Superpriority Claim") under section 364(c)(1) of the Bankruptcy Code; however such claim will be subordinate only to any unpaid fees of the U.S. Trustee pursuant to 28 U.S.C. Section 1930(a). |
| Conditions to Borrowings: | Conditions precedent to each borrowing under the DIP Facility will be those customary for a transaction of this type and others determined by Decathlon to be appropriate, including, without limitation: |

- all documentation, including a loan and security agreement, relating to the DIP Facility (collectively, the "DIP Documents") shall be complete and in form and substance satisfactory to Decathlon and Debtor;
- all motions and other documents to be filed with the Bankruptcy Court relating to the DIP Facility shall be complete and in form and substance satisfactory to Decathlon and Debtor;
- the Bankruptcy Court shall have entered an order, in form and substance satisfactory to Decathlon in its sole discretion, for use of cash collateral sufficient in combination with loans under the DIP Facility to fund operations;
- the Interim Order, in form and substance satisfactory to Decathlon in its sole discretion, shall be entered on or before December 17, 2019 and shall be in full force and effect, and not have been reversed, vacated, or stayed;
- there shall exist no default or Event of Default (as defined below) under the DIP Documents;
- Decathlon shall have received a thirteen (13) week cash flow projection;
- the Budget shall be in form and substance satisfactory to Decathlon; and

| | |
|---|---|
| | no material adverse change shall have occurred (other than the filing of the Case). |
| <u>Representations and Warranties</u>: | Representations and warranties at the time of advances shall be customary for a transaction of this type. |
| <u>Affirmative Covenants</u>: | Affirmative covenants shall be those customary for a transaction of this type. |
| <u>Negative Covenants</u>: | Negative covenants shall be customary for a transaction of this type. |
| <u>Events of Default</u>: | Events of default ("<u>Events of Default</u>") will be those customary for a transaction of this type, including: |

- failure to make payments of principal, interest, fees, or other amounts when due;

- material inaccuracies in representations and warranties;

- violations of covenants under the DIP Documents;

- the Final Order in form and substance satisfactory to Decathlon in its sole discretion is not entered on or before January 6, 2020 or is reversed, vacated or stayed;

- the filing of any pleading or commencement of any action by the Debtor to prime or challenge the validity, enforceability, perfection, or priority of the DIP Facility and DIP Liens;

- the filing of any pleading or commencement of any action by the Debtor to prime or challenge the validity, enforceability, perfection, or priority of Decathlon's prepetition claim or security interests;

- dismissal or conversion of the Case to chapter 7 of the Bankruptcy Code (except as consented to by Decathlon); and

- appointment of a chapter 11 trustee, examiner, or similar fiduciary with expanded powers pursuant to section 1104 of the Bankruptcy Code in any Case.