Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

    Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-34092-tmb11 |
|---|---|
| Fizz & Bubble, LLC | DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT |
| Debtor-in-Possession. | |

Debtor-in-Possession, Fizz & Bubble, LLC ("Debtor") submits the following response to the United States Trustee's Motion Under 11 U.S.C. § 1112(b) to Dismiss or Covert (the "Motion"). For the reasons that follow, the Motion should be denied as failing to establish cause for dismissal or conversion of this case and because dismissal or conversion of this case is not in the best interest of creditors and the estate. If cause is found under 11 U.S.C. § 1112(b), then the Motion should nonetheless be denied as there are circumstances establishing that dismissing or converting the case is not in the best interest of creditors and the estate, and there is a reasonable likelihood that a plan will be confirmed in a reasonable period of time and that there are reasonable justifications for the Debtor's acts and omissions that may be cured in a reasonable amount of time. In the alternative, the Court

Page 1 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11   Doc 253   Filed 03/20/20

should find that the appointment of an examiner is the best means to address such cause and is in the best interest of creditors and the estate.

## INTRODUCTION

This case was commenced with the filing of a petition under chapter 11 of Title 11 of the United States Code on November 4, 2019 (the "Petition Date"). *See* Doc No. 1. The circumstances around the filing clearly demonstrated a business entity in extreme distress. All of the following events, among many, led directly to the Debtor's chapter 11 filing: (1) default in payments and maturity of the debt owed to the Debtor's single largest creditor (Decathlon Alpha III, L.P. ("Decathlon")); (2) default in rent for both of the Debtor's business locations and a pending lockout from the Debtor's principal headquarters; (3) missed payroll obligations and a substantial loss of employees as a result; (4) substantial outstanding vendor claims without sufficient cash reserves to pay them; (5) substantial daily withdrawals from a select group of creditors (known colloquially as "merchant cash advances") followed by attempts by such creditors and Decathlon to collect directly on the Debtor's outstanding accounts receivable; and (6) high turnover of the Debtor's financial personnel combined with inaccurate and incomplete books and records and allegations of financial impropriety by said personnel. Declaration of Craig Barnes ("Barnes Decl."), ¶2. Any one of these are relatively common causes of a bankruptcy filing, yet all of these and more faced the Debtor in this case.

But, still, there were signs that the Debtor could formulate a plan to reorganize itself. Only a few months before the Petition Date, the Debtor had a letter of intent in hand that would have secured new equity investment in excess of $20 million, which would more than satisfied the outstanding debt. *Id*. at ¶3. The Debtor had a significant order from a major

Page 2 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

retailer for over $1 million and multiple other orders from national and local retailers and resellers for its products. *Id*. at ¶4. Notwithstanding the missed payroll, Debtor had a number of its employees return and stand ready to help the Debtor deliver product to customers. *Id*. at ¶5. Debtor also maintained its connections with its primary buyers and was poised to secure orders from other major retailers to broaden its customer base. *Id*. at ¶6. It was premised on these avenues that the Debtor sought to reorganize.

Since the Petition Date, the Debtor has suffered some additional setbacks. As outlined in the Motion, the Debtor handles its payroll in house. Declaration of Kim Rudolph ("Rudolph Decl."), ¶2. Based on the Debtor's payroll system, it appeared that Debtor would be a monthly depositor for payroll tax obligations. *Id*. at ¶3. It was based upon those calculations that the Debtor's controller reported its status on payment of the payroll taxes in December 2019. *Id*. at ¶4. However, in preparing the 2015 Monthly Operating Report for December 2019, it was determined that the Debtor was not calculating its liability for payroll properly, as it was only capturing the "employee" side of the payroll tax liability and not accounting for the "employer" side of the tax. *Id*. at ¶5. This error was diagnosed in January 2020, and the Debtor took immediate steps to update its calculations to ensure that future payroll tax calculations would be made properly and that the appropriate amount of tax deposits would be made going forward. *Id*. at ¶6. Since identifying the issue, the Debtor has made sufficient deposits to cover the taxes that have come due and made a partial cure of the shortfall in deposits from the Petition Date to the point where the error was recognized. *Id*. at ¶7; Motion, p. 9.

Furthermore, a number of the Debtor's customers have either slow paid, or left unpaid, a number of receivables owed to the Debtor. Rudolph Decl., ¶8. This includes

Page 3 of 17    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

major retailers like Walmart and, its largest customer, Kohl's. *Id*. at ¶9. Walmart refused to release funds due to the earlier, pre-petition efforts by creditors to have Debtor's accounts paid directly to the secured creditor. *Id*. at ¶10. Notwithstanding the bankruptcy filing, which would require Walmart to release such holds and pay the receivables to the Debtor, Walmart slow paid its account due to the Debtor for months. *Id*. at ¶11. Only after an intervention by Debtor's counsel was the hold lifted and the Debtor paid what it was owed. *Id*. at ¶12.

As to Kohl's, the Debtor had accepted a pre-payment from Kohl's for fulfillment of certain purchase orders. Barnes Decl., ¶7. Debtor continued fulfilling purchase orders to Kohl's, due to the size of the orders and the prospect for additional orders in the future. *Id*. at ¶8. However, Debtor also many numerous requests to Kohl's to obtain its accounting for the deliveries made on purchase orders against the amounts pre-paid by Kohl's. Rudolph Decl., ¶13. Kohl's did not supply this information despite requests. *Id*. at ¶14. Based on the Debtor's accounting, any credit for Kohl's pre-payment has been exceeded by Debtor's deliveries, and there is now a balance owed to the Debtor. *Id*. at ¶15. Moreover, after a review of the Pre-Payment Agreement with Kohl's, there is a possibility that the Agreement is no longer executory and is, in fact, simply a pre-petition claim against the estate. If this latter interpretation holds, then the Debtor would be entitled to payment on all post-petition deliveries to Kohl's, which would add $899,078 to the Debtor's outstanding receivables. *Id*. at ¶16. Debtor, through counsel, is working with counsel for Kohl's to resolve this issue.

Despite these setbacks, there have also been many positives from Debtor's efforts to reorganize. First and foremost, Debtor has worked to repair its relationship with its single largest creditor, Decathlon. Barnes Decl., ¶9. While Decathlon was initially troubled by the

Page 4 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

Debtor's filing, the Debtor and Decathlon have put in the work to re-establish trust in the relationship.  *Id*. at ¶10.  Decathlon has been supportive in the Debtor's reorganizaiton effort, even stepping up to supply the Debtor with post-petition financing to ensure that it would continue to be able to fill orders.  *See* Doc Nos. 98, 125, 186.   Decathlon and the Debtor have discussed a framework for a plan of reorganization that will provide a pathway to confirmation and emergence from chapter 11 bankruptcy.  Barnes Decl., ¶11.  That framework includes a substantial, if not total, conversion of Decathlon's debt for equity in a reorganized Debtor, such that further exit equity financing could be utilized to pay administrative and priority debt and provide a carve-out for payment to general unsecured creditors.  *Id*. at ¶12.

Debtor has also engaged in efforts to repair its financial operations and records to provide a more efficient and reliable means of tracking its performance.  In addition to the remedy on the payroll tax accounting, Debtor has brought in a business advisor, Matthew Wilson, to aid management in this effort.  *Id*. at ¶13.  Debtor has taken several cost savings steps such as reducing staff and limiting the product line to operate as efficiently as possible.  *Id*. at ¶14.  In January 2020, the Debtor brought in additional resources to aid in the financial management of the business.  *Id*. at ¶15.  These efforts have allowed it to more throughly analyze its projections and current operations.  The product of that effort is expected to allow the Debtor's selected investment banker to procure an appropriate level of exit financing to supplement income from operations and propose a plan of reorganization.  *Id*. at ¶16.  On this last point, as outlined in the Amended Application of Debtor-in-Possession for Authority to Employ Placement Agent and Financial Advisor and the Declaration of Stewart A. Williams, III supporting the same, Debtor's work with its

Page 5 of 17    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

investment banker has yielded interest from equity investors and a letter of intent for further post-petition financing. *See* Doc Nos. 245, 246. This further demonstrates the viability of the Debtor's path to reorganization.

But, less than 120 days into the case (from the Petition Date to the filing of the Motion), the United States Trustee ("UST") asks that the Court to cut off the Debtor's reorganization effort. The UST seems certain, but provides scant, if any, evidence, that the Debtor lacks a reasonable likelihood of rehabilitation in a reasonable time. *See* Motion, p.7. The UST complains of lack of documents and information, when whole hosts of records have been provided for their review and requests for information were and are still ongoing. *See* Motion, pp.8-9; Declaration of Christopher N. Coyle ("Coyle Decl."), ¶2. The UST complains of unpaid post-petition debt but must acknowledge that the majority of such debt is either court-approved (DIP financing) or pending court approval (professional fees). *See* Motion, p.6. Most significantly, the UST is alone in its position advocating for conversion of the case. *See* Case Docket, *generally*. Neither the largest secured creditor (Decathlon) or the Committee of Unsecured Creditors (the "Committee") filed pleadings supporting the Motion, and Debtor expects that each of these constituencies will support the Debtor's position that the case should remain in chapter 11 with an eye to confirming a plan of reorganization in a reasonable time.

## ARGUMENT

The Motion's description of the applicable legal standards fails to capture the full panoply of considerations that face a court when a party seeks relief under 11 U.S.C. § 1112(b). Certainly, the first consideration is whether "cause" exists to consider the matter further. *See In re Sunnyland Farms, Inc.*, 517 B.R. 263, 266 (Bankr. D. N.M. 2014)

Page 6 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

("Whether 'cause' exists to convert a case is a threshold issue."). "Cause" is not defined under the Code, but Section 1112(b)(4) provides a non-exhaustive list of factors for the court to evaluate an assertion of "cause." However, the court should "consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases." *Pioneer Liquidating Corp. v. U.S. Trustee (In re Consol. Pioneer Mortg. Entities)*, 248 B.R. 368, 375 (9th Cir. BAP 2000). In short, the court "has broad discretion to determine what constitutes 'cause' under Section 1112(b)." *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (9th Cir. BAP 2014).

After a determination that cause exists, the court must also "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interest of creditors and the estate." *Id*. at 612. On this last point, the court must also consider whether there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time, and whether the grounds for converting or dismissing the case include an act or omission by the debtor for which there was reasonable justification and such act or omission will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2). The moving party bears the burden of showing by a preponderance of the evidence that "cause" exists and that conversion, dismissal, or appointment of a trustee or examiner is in the best interest of creditors and the estate. *Green v. Howard Family Trust (In re Green)*, 2016 Bankr. LEXIS 3963 at *23 (9th Cir. BAP 2016). The debtor bears the burden of showing unusual circumstances are present and that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time, and that there was reasonable justification for

Page 7 of 17    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

the acts or omissions constituting cause, and the same will be cured within a reasonable period of time.  *Id*. at *31.

I. The Motion Fails to Establish "Cause" for Conversion by a Preponderance of the Evidence.

The Motion asserts that "cause" exists for conversion of the case to one under chapter 7 (the UST does not urge dismissal of the case) under four of the enumerated factors described in the Code.  Specifically, the UST asserts that "cause" exists for (1) substantial and continuing loss to the estate without any reasonable likelihood of rehabilitation; (2) failure to satisfy reporting requirement; (3) failure to provide information requested by the UST; and (4) failure to pay post-petition taxes.  *See* 11 U.S.C. § 1112(b)(4)(A), (F), (H), and (I) (defining factors).  In light of the broad discretion afforded to the Court, and the equitable power to reach the appropriate result, the Court should find that none of these asserted grounds rise to the level of "cause" to convert the case.

A. Debtor's Efforts to Satisfy Reporting Requirements Do Not Establish "Cause."

The second asserted basis for "cause" may be dispensed with easily.  On the reporting requirements, the UST does not assert that there are unfiled or untimely reports but that documents or information were not provided with the filed reports.  The language of the Code suggests that "cause" may be found for an "unexcused failure to satisfy timely any filing or reporting requirement."  Here, the complained-of deficiencies related to the January 2015 Report should be excused.  First, the bank statements were provided timely to Debtor's counsel and were prepared for inclusion with the 2015 Report.  Coyle Decl., ¶3.  In the haste to ensure a timely filing, Debtor's counsel did not attach the statements to the 2015 Report that was filed with the Court; a deficiency that was not highlighted until the

Page 8 of 17    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

filing of the Motion. *Id*. at ¶4. As promised in the 2015 Report, an amended 2015 Report has been filed that includes the bank statements. *See* Doc No. Second, the amended 2015 also includes the information on officers' salaries and general expenses. *Id*. Finally, Debtor's counsel supplied the UST with an explanation on the inventory reporting by separate letter, which confirmed the Debtor's methodology in reaching the amounts stated in the 2015 Report. Coyle Decl., ¶5. These acts clearly demonstrate that the UST has not established "cause" for conversion.

B. Debtor's Efforts to Respond to Requests for Information Do Not Establish "Cause."

The third asserted basis for "cause" is similarly disposed of. The Debtor has been engaged in a robust and ongoing exchange of information and documents with the UST and the Committee. No deadline or urgency was highlighted in the UST's request that is highlighted in the Motion. As part of its ongoing effort to ensure that information has been made available to the parties, counsel was routinely following up with the Debtor to ensure answers to questions would be addressed. Coyle Decl., ¶7. Such was the case in responding to the requests hightlighted in the Motion. This is not a case of the Debtor refusing to supply requested information. Only that it was not available at the time. Debtor, through counsel, supplied a substantive reponse after the filing of the Motion that supplied the requested information. *Id*. at ¶5. To date, an additional request or follow up has not been received by Debtor's counsel. *Id*. at ¶6. Again, these acts demonstrate that the UST has not established "cause" for conversion.

Page 9 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

### C. Debts Incurred and Uncollected Receivables Are Not Losses without Rehabilitation as Would Establish "Cause."

The first asserted basis for "cause" requires careful consideration. The "substantial and continuing loss" here relates, at least in part, to the Debtor incurring post-petition debt. The total post-petition liabilities of "at least $800,000" includes $500,000 of court-approved debtor-in-possession financing and $68,368 of accrued professional fees (i.e. 71% of the total relates to debt that is expressly anticipated to be "rehabilitated" as part of a plan of reorganization). *See* Motion, p.6. The remainder is primarily related to payroll tax liabilities and accrued lease expenses. As outlined above, the Debtor has acknowledged and taken corrective action to address the payroll tax liabilities to ensure that this does not create a continuing obligation to the estate. As to the acured lease expenses, this has largely been a product of the non-payment or delay in payments from the Debtor's outstanding accounts receivable. Debtor is working diligently to address this with collection action and has enlisted the assistance of its counsel in that effort. Rudolph Decl., ¶17. Moreover, Debtor has, by virtue of the efforts of its selected investment banker, received a letter of intent from a prospective lender partner who would supply the Debtor with additional working capital and a means to address the arrears on payroll taxes and lease payments. Barnes Decl., ¶17. While this may superficially be only exchanging one debt for another, it will buy the Debtor critical time to (a) collect on its accounts receivable generated from holiday shipments and (b) secure equity financing to fund an exit from bankruptcy through a plan of reorganization.

As highlighted above, the nuances in the legal framework for the post-petition shipments to Kohl's make reporting the attendant accounts receivable challenging. One the

Page 10 of 17    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

one hand, if the Pre-Payment Agreement with Kohl's is deemed executory, then the Debtor efforts to fulfill purchase orders post-petition have satisfied a six-figure claim ($710,054.46 by Debtor's calculations) that would have resulted from rejecting the contact and generated nearly $200,000 in cash due to the estate. Rudolph Decl., ¶15. On the other hand, if the Pre-Payment Agreement terminated pre-petition, then all of the post-petition deliveries are fully collectible, which would equate to $899,078 in receivables due to the estate. *Id*. at ¶16. Either scenario yields sufficient cash to either pay the payroll tax and lease arrears in full or pay off any further borrowing incurred to pay such arrears.

     As will be discussed further below, the Debtor has a defined path to reorganization with a reasonable likelihood of success in a reasonable time. Taking this into account, along with the facts described above, the Debtor is not expecting to suffer substantial and continuing loss without a reasonable likelihood of rehabilitation. "Cause" only arises when the moving party can establish both elements (i.e. substantial and continuing loss AND no reasonable likelihood of rehabilitation). *Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 WL 6259960; 2010 Bankr. LEXIS 5076 at *11 (9th Cir. BAP Dec. 7, 2010). Moreover, the court "must look beyond financial statements and fully evaluate the present condition of a debtor's estate." *Id*. Rehabilitation, in this context, means whether "the debtor's business prospects justify continuance of the reorganization effort." *Id*. *quoting In re Wallace*, 2010 Bankr. LEXIS 261 at * 13-14 (Bankr. D. Id. Jan. 26, 2010). As described herein, and based on the postitions of Decathlon and the Committee (both of which have supported the Debtor's requests to obtain credit), this Debtor should continue its reorganization effort to rehabilitate the post-petition debts incurred.

Page 11 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11   Doc 253   Filed 03/20/20

### D. As a Product of Mistake, Debtor's Payroll Tax Arrears Do Not Establish "Cause."

The final basis asserted basis for "cause" is certainly problematic on its face. As explained above, the Debtor was unaware that it system was not properly calculating (and therefore the Debtor was not holding or depositing sufficient funds to satisfy) the ongoing payroll taxes, and this error was not diagnosed under mid-January. Of course, as the UST points out, the language of the Code provides that "cause" may lie based on the debtor's "failure timely to pay taxes owed after" the Petition Date. 11 U.S.C. § 1112(b)(4)(I). Rather than finding "cause," the Court should supply the Debtor an opportunity to cure its mistake in undercalculating and underdepositing for payroll taxes.

First, the Debtor does not contest that it will need to make additional deposits to meet its payroll taxes that have accrued post-petition. The Debtor entered chapter 11 with nearly no pre-bankruptcy preparations, and the filing alone did not automatically remedy its accounting system for payroll. Rudolph Decl., ¶18. As evidenced in the Motion itself, the Debtor has made efforts, after realizing its error, to pay down the accruing tax obligations. In addition, the Debtor has taken steps to ensure that it is making adequate deposits for payroll taxes going forward.

The Motion, however, posits a Catch-22 scenario for the Debtor. Either (a) the mistake is a *fait accompli* and the lack of sufficient deposits is *per se* "cause" or (b) it must work to correct the mistake acknowledging that it is untimely. The Debtor has chosen the second route and would submit that path is more in keeping with the goals and object of chapter 11 reorganization. Congress did not provide a *per se* rule in defining "cause" and certainly knows how to impose such a requirement. *Compare* 11 U.S.C. § 1112(b)(4)(I) (providing for failure to pay certain taxes or file certain tax returns as a factor for considering

Page 12 of 17  DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

"cause") *with* 11 U.S.C. § 1307(e) (mandating case dismissal for the failure to file certain tax returns under specific deadlines). *See also In re Champion Excavation, Inc.*, 2018 Bankr. LEXIS at *25-26 (Bankr. D. Or. Feb. 5, 2018) (describing distinction between "cause" and mandates with specific deadlines). As stated above, the court may "use its equitable powers to reach the appropriate result in individual cases." *Pioneer Liquidating Corp.*, 248 B.R. at 375. Here, the Court has other mechanisms at its disposal, such as ordering specific timing and reporting constraints, and should not find "cause" and allow the Debtor to continue its reorganization effort, including the payment of post-petition taxes.

II. Even if "Cause" is Established, Appointment of an Examiner is Appropriate Rather than Conversion.

The Motion asserts that conversion is preferred solely to preserve avoidance claims. While the Debtor agrees that loss of avoidance claims, particularly those against merchant cash advance creditors that collectively received over $320,000 during the 90 day preference period, counsels against dismissal of the case. *See* Doc No. 80. Allowing the Debtor to continue in chapter 11 serves the same purpose. Recovery on avoidance claims, with the direct aid of the Committee and its counsel, would also certainly serve to aid the Debtor in performance of a reorganization plan by providing a source of payment for administrative creditors.

Moreover, the question of what is in the best interest of creditors and the estate requires that the court "ascertain the impact on the creditors and on the estate of each of the options." *Rollex Corp. v. Associated Materials (In re Superior Siding & Window)*, 14 F.3d 240, 243 (4th Cir. 1994). This includes "the interests of *all* of the creditors." *Id*. (emphasis in original). The Debtor's assets and liabilities, even when taking into account

Page 13 of 17    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

avoidance claims, assures that nonpriority unsecured creditors will receive nothing if the case is converted to chapter 7.  *See* Doc No. 80; Motion, p.6.  In contrast, maintaining the case in chapter 11 would allow the Debtor to preserve the avoidance claims but also execute on its exit plan to achieve confirmation of a reorganization plan.

Finally, Section 1112(b) does indeed force the court to take one of three actions (dismiss, convert, or appoint a trustee or examiner) if "cause" is established and unusual circumstances, discussed below, are not present.  11 U.S.C. § 1112(b)(1).  "In determining which option is in the best interest of creditors, the court evaluates the prospects for collection and payment of the claims of creditors."  *In re Corona Care Convalescent Corp.*, 527 B.R. 379, 384 (Bankr. C.D. Cal. 2015).  Here, given the matters raised by the UST, the appointment of an examiner would be an appropriate step.  Inadequate accounting and payroll systems, inadequate management, and possible insider transfers are all matters that can be evaluated and reported on by an examiner for further action.  11 U.S.C. § 1104(c).  Such an investigation would aid the Debtor in taking advantage of the opportunity to emerge from bankruptcy with a reduced risk of allowing the mistakes of the past to haunt it further.  In addition, it would aid the Debtor to ensure that it maximizes the value of the estate for the benefit of all creditors while preserving avoidance claims and the ability to secure equity financing through a plan of reorganization.

III.  Unusual Circumstances are Present and Converting or Dismissing Is Not in the Best Interests of Creditors or the Estate.

The final aspects of the analysis under 11 U.S.C. § 1112(b) requires a determination if there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate.  "Unusual" circumstances "contemplates facts that

Page 14 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

are not common to chapter 11 cases, generally." *Green*, 2016 Bankr. LEXIS 3963 at *30. If such circumstances are found, then the Debtor must show that "(1) there is a reasonable likelihood of plan confirmation within a reasonable time, (2) that the 'cause' shown for conversion or dismissal was reasonably justified, and (3) that the cause for conversion or dismissal can be 'cured' within a reasonable time." *Id*. at *31. Debtor will present evidence that unusual circumstances are indeed present and that the three remaining elements under 11 U.S.C. § 1112(b)(2) are satisfied.

As to unusual circumstances, Debtor would urge two components in this case that are unusual. First, while many business rely on brand identity as part of their overall business value and marketability, this is not truly common to chapter 11 cases (certainly in this district). As noted in the Motion, Debtor's products are popular in the marketplace. *See* Motion, p.10. This is, in large part, driven by the creativity of the Debtor's founder and the visibility of Debtor's brand. Barnes Decl., ¶21. While these intangibles are not easily captured on a balance sheet or in bankruptcy schedules, they are critical to this Debtor's business value. *Id*. at ¶22. That value drops percipitiously if the case is converted to chapter 7, and the Debtor's products are out of the market and its operations are shuttered. In contrast, that value is expected to and has attracted interest from investors to provide additional capital for an exit from bankruptcy.

The second component is one that has become more acute since the filing of the Motion. The growing COVID-19 pandemic has added an extra level of challenges for a manufacturer of beauty and skin care products, as it has for many businesses. However, this timing, in light of the Motion, has placed the Debtor in a truly unusual situation. Prior to the filing of the Motion, the Debtor was on the verge of securing a commitment to lend in

Page 15 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION
UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

connection with the letter of intent it received. Barnes Decl., ¶18. The Motion certainly put a damper on that effort, and the ongoing reaction in the market to COVID-19 has further delayed securing that lending facility. *Id*. at ¶19. Moreover, Debtor's retail customers have been consumed with complying with federal and state sheltering requirements and social distancing recommendation, which has slowed business as usual operations. *Id*. at ¶20. A rush to convert this case to chapter 7 would be doing so at the most uncertain time in recent memory.

With these unusual circumstances in mind, Debtor believes it can reach plan confirmation within a reasonable time. The Debtor has sought, and obtained, an extension of the exclusivity period and the deadline to file a plan to May 4, 2020. *See* Doc No. The Debtor intends to file a plan by that deadline, if not sooner. Even a filing at the deadline would set up a confirmation hearing in mid to late July. In looking at the common timeframe for cases to reach confirmation in this District, chapter 11 cases reach confirmation on average in 11 months to a year after operating in an active chapter 11 case. Declaration of Sara Cobb, Exs. A,B. Achieving confirmation in less than nine months is a reasonable time given that more common timeline for chapter 11 cases.

The discussion above related to the asserted bases for "cause" to convert or dismiss this case illustrate that the acts or omissions complained had a reasonable justification and have been cured or will be cured in a reasonable period. If the Motion is denied, Debtor fully expects to close on its additional DIP financing, cure the lease and payroll tax arrears, and proceed on to propose and confirm a plan.

Page 16 of 17    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

## CONCLUSION

For the reasons stated above, the Motion should be denied as failing to establish cause for dismissal or conversion of this case and because dismissal or conversion of this case is not in the best interest of creditors and the estate. If cause is found under 11 U.S.C. § 1112(b), then the Motion should nonetheless be denied as there are circumstances establishing that dismissing or converting the case is not in the best interest of creditors and the estate, and there is a reasonable likelihood that a plan will be confirmed in a reasonable period of time and that there are reasonable justifications for the Debtor's acts and omissions that may be cured in a reasonable amount of time. In the alternative, the Court should find that the appointment of an examiner is the best means to address such cause and is in the best interest of creditors and the estate.

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtor-in-Possession

Page 17 of 17   DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 253    Filed 03/20/20

In re Fizz & Bubble, LLC
Bankruptcy Case No. 19-34092-tmb11

## CERTIFICATE - TRUE COPY

DATE:         March 20, 2020

DOCUMENT:    DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

    I hereby certify that I prepared the foregoing copy of the foregoing and have carefully compared the same with the original thereof and the foregoing is a correct copy therefrom and of the whole thereof.

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing on:

Fizz & Bubble, LLC
Attn: Kimberly A. Mitchell
27120 SW 95th Ave., Ste. 3280
Wilsonville, OR 97070

Oswego Financial Services
Attn: Glenn J. Smith
4091 Coltsfoot Lane
Lake Oswego, OR 97035

Mike Vanier
7650 Beveland Street, Suite 170
Portland, Oregon 97223

Lloyd R. DuBois
0932 SW Palatine Hill Rd.
Portland, Oregon 97219

Express Employment Professionals
Wayne Marschall
7401 SW Washo Court, Suite 200
Tualatin, Oregon 97062

Bruce Wood
510 SW 5th Ave., Suite 300
Portland, Oregon 97204

Diane M. Humke
32272 Apple Valley Rd
Scappoose, OR 97056

by mailing a copy of the above-named document to each of the above in a sealed envelope addressed to the last known address. Each envelope was deposited into the postal system at Portland, Oregon, on the below date, postage prepaid.

    I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: March 20, 2020         VANDEN BOS & CHAPMAN, LLP

                                   By:/s/Douglas R. Ricks
                                       Douglas R. Ricks, OSB 044026
                                       Of Attorneys for Debtor-in-Possession