Douglas R. Ricks, OSB 044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

    Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-34092-tmb11 |
|---|---|
| Fizz & Bubble, LLC | DECLARATION OF KIM RUDOLPH IN SUPPORT OF DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT |
| Debtor-in-Possession. | |

I, Kim Rudolph, declare and state as follows:

1.    I am the employed as the controller for Fizz & Bubble, LLC, the Debtor-in-Possession ("Debtor"), and make this Declaration in support of Debtor's Response to the United States Trustee's Motion under 11 U.S.C. § 1112(b) to Dismiss or Convert.

2.    I am the individual with primary responsibility over maintaining the Debtor's financial records, processing accounts payable and accounts receivable, collecting on outstanding billings, processing orders to be made and to be received, and processing the Debtor's payroll.

3.    The Debtor's payroll system is calculated through an Excel® spreadsheet, which includes a calculation of the deposits needed for payroll taxes.

Page 1 of 4    DECLARATION OF KIM RUDOLPH IN SUPPORT OF DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 257    Filed 03/20/20

4. Using that system, I tracked the Debtor's post-petition payroll tax liabilities and believed it was an accurate total of the amount needed for payroll tax deposits, including the tax deposits made in December 2019 that I previously testified were being made.

5. In working with counsel for the Debtor to prepare the 2015 Monthly Operating Report for December 2019, the amounts calculated were discovered to be inaccurate based on the total payroll amounts. This uncovered an error in the payroll system's calculations, as it was only capturing the "employee" side of the payroll tax liability and not accounting for the "employer" side of the tax.

6. Since recognizing this error in the payroll system in January 2020, I have updated the system, with the help of counsel, to ensure payroll tax calculations would be made properly and that the appropriate amount of tax deposits would be made going forward.

7. Since identifying the issue, the Debtor has made sufficient deposits to cover the taxes that have come due and made a partial cure of the shortfall in deposits from the Petition Date to the point where the error was recognized.

8. I spend a significant amout of my time focused on collection of the Debtor's outstanding accounts receivable. This is frequently due to major retailers not paying, partial paying, or paying past due many of the accounts receivable, which then requires further reconciliation work for the Debtor.

9. The collection work includes its accounts with major retail customers such as Walmart and, the Debtor's largest customer, Kohl's.

10. In collecting from Walmart, their payables department indicated that the account for the Debtor was on hold. The reason for this was determined to be earlier, pre-

Page 2 of 4  DECLARATION OF KIM RUDOLPH IN SUPPORT OF DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 257    Filed 03/20/20

petition efforts by creditors to have Debtor's accounts paid directly to the creditor. Attached hereto as **Exhbit A** is a copy of such letter (without its enclosures) to Kohl's from one of those creditors.

11. Notwithstanding the bankruptcy filing, Walmart had not paid the outstanding invoice by February 11, 2020.

12. At that point I contacted the Debtor's counsel to assist with the Walmart receivable. Based on communications by counsel to Walmart's payables and legal department, the hold lifted and payment was issued on February 19, 2020 and received by the Debtor shortly thereafter.

13. Similarly to Walmart, I made many numerous requests to Kohl's to obtain its accounting for the deliveries made on purchase orders against the amounts pre-paid by Kohl's.

14. Despite numerous requests to my contact at Kohl's between November 2019 and February 2020, I received no substantive response to reconcile the amount due from Kohl's and discuss payment to the Debtor. On February 20, 2020, I received an email from Kohl's director of finance indicating that Kohl's would review the Debtor's account in detail and get back to me.

15. I have reviewed the amounts pre-paid by Kohl's and the deliveries made on account of purchase orders from Kohl's. Based on that accounting, any credit for Kohl's pre-payment has been exceeded by Debtor's deliveries, and there is now a balance owed to the Debtor. In summary, the Debtor had satisfied all but $710,054 of the initial amounts pre-paid by Kohl's to the Debtor. Since the filing of the bankruptcy case, the Debtor has made shipments of $997,976.77 to Kohl's.

Page 3 of 4    DECLARATION OF KIM RUDOLPH IN SUPPORT OF DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 257    Filed 03/20/20

16. If the shipments since the bankruptcy case was filed were not credited against the amounts pre-paid by Kohl's, less a deduction that Kohl's makes for a marketing co-operative, then the Debtor would be entitled to payment on all post-petition deliveries to Kohl's, which would add $899,078 to the Debtor's outstanding receivables.

17. After continued non-responsive communications with Kohl's representatives, I contacted the Debtor's counsel to assist in resolving and collecting on the Kohl's account. To date, I am unaware of any resolution on this issue with Kohl's and a substantial balance remains due and owing to the Debtor.

18. Due to the emergency circumstances under which the bankruptcy case was filed, almost no preparations had been made to ensure that the Debtor's accounting systems were prepared for the reporting and legal requirements of operating in a chapter 11 case. Numerous of changes have been made since the filing to ensure compliance with the applicable requirements, including updating the payroll accounting system.

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand the above statements are made for use as evidence in Court and are subject to penalty for perjury.

Dated: March 20, 2020

/s/ Kim Rudolph
Kim Rudolph, Declarant

Page 4 of 4   DECLARATION OF KIM RUDOLPH IN SUPPORT OF DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 19-34092-tmb11    Doc 257    Filed 03/20/20



October 30, 2019

**VIA EMAIL**

Kellie Johnson, Director of Finance
Kellie.Johnson@kohls.com

Roza Levchets
roza.levchets@kohls.com
ap_merch_vendor_f@kohls.com

### UCC NOTICE TO ACCOUNT DEBTOR

Re: Fizz & Bubble, LLC/Decathlon Alpha III, L.P. ("Decathlon")

Dear Sir or Madam:

This firm represents Decathlon in this matter. This notice is being sent pursuant to Section 9-406 of the Uniform Commercial Code ("UCC"). We understand that Kohls ("you") may have a balance owed to Fizz & Bubble, LLC, d/b/a/ Beau Bain (the "Borrower"). Please be advised that the Borrower is in default under that certain Revenue Loan and Security Agreement, dated September 21, 2018, as subsequently amended on or about October 17, 2018, January 4, 2019, April 11, 2019, and from time to time (the "Loan Agreement"). Pursuant to the Loan Agreement, the Borrower granted Decathlon a security interest in, among other things, the Borrower's accounts and rights to payment. Decathlon's security interest was perfected by the filing of a UCC-1 Financing Statement with the Oregon Secretary of State on September 21, 2018, as Lien No. 91676432, a copy of which is enclosed.

You are hereby directed to pay Decathlon all sums owing to the Borrower. All payments should be made directly to Decathlon and should be delivered to the following address:

Decathlon Alpha III, L.P.
Ref: Fizz & Bubble, LLC
1441 West Ute Blvd, Suite 240
Park City, UT 84098

We have become aware that Capital Funding ASAP LLC may have contacted you regarding

Attorneys & Advisors / Fredrikson & Byron, P.A.
main 612.492.7000 / 200 South Sixth Street, Suite 4000
fax 612.492.7077 / Minneapolis, Minnesota
fredlaw.com / 55402-1425

MEMBER OF THE WORLD SERVICES GROUP / OFFICES
A Worldwide Network of Professional Service Providers / Minneapolis / Bismarck / Des Moines / Fargo / St. Paul / Saltillo, Mexico / Shanghai, China

EXHIBIT A - Page 1 of 2    Case 19-34092-tmb11    Doc 257    Filed 03/20/20

amounts you owe to the Borrower. You are hereby notified that Decathlon's interest in the Borrower's accounts and rights to payment is senior to and has priority over any conflicting rights of any other party, including Capital Funding ASAP LLC, and any future payment to Capital Funding ASAP LLC would be in violation of the UCC and would interfere with Decathlon's property and contractual rights.

Sincerely,

James C. Brand
**Direct Dial:** 612.492.7408
**Email:** jbrand@fredlaw.com

Enclosure
68455600 v1

In re Fizz & Bubble, LLC
Bankruptcy Case No. 19-34092-tmb11

# CERTIFICATE - TRUE COPY

DATE:         March 20, 2020

DOCUMENT:    DECLARATION OF KIM RUDOLPH IN SUPPORT OF DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1112(B) TO DISMISS OR CONVERT

I hereby certify that I prepared the foregoing copy of the foregoing and have carefully compared the same with the original thereof and the foregoing is a correct copy therefrom and of the whole thereof.

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

Fizz & Bubble, LLC
Attn: Kimberly A. Mitchell
27120 SW 95th Ave., Ste. 3280
Wilsonville, OR 97070

Oswego Financial Services
Attn: Glenn J. Smith
4091 Coltsfoot Lane
Lake Oswego, OR 97035

Mike Vanier
7650 Beveland Street, Suite 170
Portland, Oregon 97223

Lloyd R. DuBois
0932 SW Palatine Hill Rd.
Portland, Oregon 97219

Express Employment Professionals
Wayne Marschall
7401 SW Washo Court, Suite 200
Tualatin, Oregon 97062

Bruce Wood
510 SW 5th Ave., Suite 300
Portland, Oregon 97204

Diane M. Humke
32272 Apple Valley Rd
Scappoose, OR 97056

by mailing a copy of the above-named document to each of the above in a sealed envelope addressed to the last known address. Each envelope was deposited into the postal system at Portland, Oregon, on the below date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: March 20, 2020        VANDEN BOS & CHAPMAN, LLP

                                                 By:/s/Douglas R. Ricks
                                                    Douglas R. Ricks, OSB 044026
                                                    Of Attorneys for Debtor-in-Possession