Douglas R. Ricks, OSB 044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Fizz & Bubble, LLC<br><br>Debtor-in-Possession. | Case No. 19-34092-tmb11<br><br>DEBTOR'S PLAN OF REORGANIZATION (DATED: 07/07/20) |

# TABLE OF CONTENTS

**ARTICLE 1. -- DEFINITIONS**.................................................................................. **1**

**ARTICLE 2. -- DISCLOSURE STATEMENT** ......................................................... **1**

**ARTICLE 3. -- PLAN STRUCTURE; ASSETS** ....................................................... **1**

   **3.1.  Primary Structure of the Plan**..................................................................**1**

   **3.2.  Assets.** ........................................................................................................**2**

**ARTICLE 4. -- CLASSIFICATION OF CLAIMS**...................................................... **3**

   **4.1.  Secured Creditors.** ...................................................................................**3**

   **4.1.1.    Classes 1A-1D – Decathlon Alpha III, L.P.**...................................**3**

   **4.2.  Disputed Secured Creditors** ...................................................................**3**

   **4.2.1.    Class 2 – Capital Funding ASAP LLC.** ..........................................**3**

   **4.2.2.    Class 3 – Queen Funding LLC**........................................................**4**

   **4.2.3.    Class 4 – Unique Funding Solutions, LLC.** ..................................**4**

   **4.3.  Priority Creditors**......................................................................................**4**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

    **4.3.1.**      **Class 5 – Employees.**.................................................................4

    **4.3.2.**      **Class 6 – Internal Revenue Service.**...........................................4

    **4.3.3.**      **Class 7 – Oregon Department of Revenue.**................................5

  **4.4.**    **Unsecured Creditors**.......................................................................5

    **4.4.1.**      **Class 8 - Administrative Convenience Class.**.............................5

    **4.4.2.**      **Class 9 - General Unsecured Claims.**.........................................5

    **4.4.3.**      **Class 10 - Unclassified Creditors**...............................................5

**ARTICLE 5. -- TREATMENT OF CLAIMS**.............................................................. **5**

  **5.1.**    **Secured Creditors.**.........................................................................6

    **5.1.1.**      **Class 1A – Decathlon.**.................................................................6

    **5.1.2.**      **Class 1B – Decathlon.**.................................................................6

    **5.1.3.**      **Class 1C – Decathlon.**.................................................................7

    **5.1.4.**      **Class 1D – Decathlon.**.................................................................7

  **5.2.**    **Disputed Secured Creditors**..........................................................7

    **5.2.1.**      **Class 2 – Capital Funding ASAP.**...............................................7

    **5.2.2.**      **Class 3 – Queen Funding LLC**....................................................7

    **5.2.3.**      **Class 4 – Unique Funding Solutions, LLC.**................................8

  **5.3.**    **Priority Creditors**............................................................................8

    **5.3.1.**      **Class 5 – Employees.**.................................................................8

    **5.3.2.**      **Class 6 – Internal Revenue Service.**...........................................8

    **5.3.3.**      **Class 7 – Oregon Department of Revenue**.................................9

  **5.4.**    **Unsecured Creditors**.......................................................................9

    **5.4.1.**      **Class 8 - Administrative Convenience Class.**.............................9

    **5.4.2.**      **Class 9 - General Unsecured Claims.**.......................................10

    **5.4.3.**      **Class 10 - Unclassified Creditors**.............................................10

**ARTICLE 6. -- DISPUTED CLAIMS; OBJECTIONS TO CLAIMS**................................. **10**

**ARTICLE 7. -- ADMINISTRATIVE EXPENSES**................................................... **11**

  **7.1.**    **Claims Entitled to Priority Under Section 503(b)(9).**................11

  **7.2.**    **Administrative Claims Not Entitled to Priority Under Section 503(b)(9).**11

**ARTICLE 8.-- IMPLEMENTATION**.................................................................... **12**

  **8.1.**    **Termination of Debtor-in-Possession.**........................................12

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

8.2.    **Effective Date.** ..................................................................12

8.3.    **Transfer of Assets.** ...........................................................12

8.4.    **Funding for Plan Payments.** ..............................................13

8.5.    **Avoidance Claims.** ............................................................13

8.6.    **Third-Party Claims.** ..........................................................14

8.7.    **Fees Payable Under 28 U.S.C. §1930.** ..............................14

8.8.    **Payment of Professional Fees and Expenses After the Effective Date.** ...........15

8.9.    **Continuation of Retiree Benefits.** ......................................15

8.10.    **Prepayment.** ....................................................................16

8.11.    **Requests for Post-Confirmation Notices.** .........................16

8.12.    **No Attorney Fees.** ............................................................16

8.13.    **No Interest.** ......................................................................16

8.14.    **Distribution of Reserved Funds for Payment of Professional Fees and Expenses After the Effective Date.** ...................16

**ARTICLE 9. -- LEASES AND EXECUTORY CONTRACTS** ...........................17

9.1.    **Leases and Executory Contracts Assumed.** ......................17

9.2.    **Leases and Executory Contracts Rejected.** .......................17

**ARTICLE 10. -- MODIFICATION OF THE PLAN** ...................................18

**ARTICLE 11. -- EFFECT OF CONFIRMATION** ......................................19

**ARTICLE 12. -- DISCHARGE** ...........................................................19

**ARTICLE 13. -- DEFAULT** ...............................................................19

13.1.    **General Provisions.** ..........................................................19

13.2.    **Special Tax Creditor Provisions.** ......................................20

**ARTICLE 14. -- OBJECTIONS TO CLAIMS AND DETERMINATION OF SECURED STATUS** ...........................................................21

**ARTICLE 15. -- RESERVATION OF POWERS** .....................................22

**ARTICLE 16. -- WAIVER OF PROVISIONS** ........................................22

**ARTICLE 17. -- RETENTION OF JURISDICTION** ..................................22

**ARTICLE 18. -- SECTION 1129(b) REQUEST** ....................................23

**ARTICLE 19. -- MISCELLANEOUS** ...................................................23

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**19.1.**     **Headings.**................................................................................................23

**19.2.**     **Notices.**.................................................................................................23

**19.3.**     **Reservation of Rights.**.....................................................................24

**19.4.**     **Computation of Time Periods.**........................................................24

**19.5.**     **Creditor's Change of Address.**.......................................................25

**19.6.**     **Utility Deposits.**...............................................................................25

**19.7.**     **Setoffs.**..............................................................................................25

**19.8.**     **Section 1146(a) Exemption.**...........................................................25

**19.9.**     **Recordable Order.**...........................................................................26

**19.10.**     **Reserve Fund.**..................................................................................26

**19.11.**     **Effectuating Documents and Further Transactions.**...................27


**Exhibit A – Definitions** ................................................................................1
**Exhibit B – Debtor's Contracts / Lease Agreements – Assumed and/or Rejected** .......17

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# ARTICLE 1. -- DEFINITIONS

Definitions of certain terms used in the Plan and Disclosure Statement are attached as **Exhibit A – Definitions.**  Other terms are defined in the text of the Plan. In either case, when a defined term is used, the first letter of each word in the defined term is capitalized. Terms used and not defined in the Plan and Disclosure Statement shall have the meanings given in the Code or Bankruptcy Rules.

# ARTICLE 2. -- DISCLOSURE STATEMENT

Debtor has filed a Disclosure Statement which Debtor contends satisfies the requirements of 11 U.S.C. §§ 1125 and 1126 and Bankruptcy Rule 3016(c). Prior to mailing the Plan to Creditors for voting, the Court will have considered and approved the Disclosure Statement. The Disclosure Statement provides useful information to assist Creditors in voting on the Plan. A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

# ARTICLE 3. -- PLAN STRUCTURE; ASSETS

## 3.1.  Primary Structure of the Plan

The key elements of the Plan are as follows:

1) The Debtor and its professionals have engaged in a process to obtain new investment for the Debtor's business as a means to facilitate a capital infusion to stabilize operations and to fund payment to the Debtor's Creditors.  New investment would be made in a newly formed corporation, the Acquiring Entity, which would then issue securities pursuant to the Plan

DEBTOR'S PLAN OF REORGANIZATION (Dated: 07/07/20)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

on account of the cash from new investors and in exchange for certain Claims.

2) The Acquiring Entity, once formed and capitalized, would then enter into an asset purchase agreement with the Debtor to acquire the Assets of the Debtor and the bankruptcy estate. The Debtor would then seek Court approval for the sale of the Assets, free and clear of all liens, claims, and interests, which would be noticed to all creditors and include disclosure of the primary terms of the acquisition (purchase price, closing conditions, and any Assets excluded from the purchase). An accompanying disclosure will also include detailed information on the Acquiring Entity, including the projected classes of securities and the share of such securities held by various constituencies.

3) Once the sale of the Assets is complete, the Debtor will utilize the sale proceeds to make payments to Creditors as outlined in the Plan. The Plan contemplates that the Acquiring Entity will assume the responsibility for payment over time of certain priority tax obligations that will not be satisfied from the sale proceeds.

**3.2. Assets.**

As outlined above, the Assets of the Debtor will be transferred to the Acquiring Entity as part of a purchase agreement. Any Assets excluded from the sale to the Acquiring Entity shall be deemed abandoned.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# ARTICLE 4. -- CLASSIFICATION OF CLAIMS

**4.1.** **Secured Creditors**.

### 4.1.1. Classes 1A-1D – Decathlon Alpha III, L.P.

Classes 1A-1D consist of the Allowed Secured Claims of Decathlon Alpha III,

L.P. ("Decathlon"), deemed to be a separate subclass as shown below:

| CLASS | CLAIM NO. | CURRENT AMOUNT OWED | COLLATERAL |
|---|---|---|---|
| 1A | 28 | 9,617,648.00* | Revenue Loan and Security Agreement and Amendments thereto secured by UCC 91676432 – Briefly described as:  All present and hereafter acquired property of the Company wherever located and however described and all proceeds thereof, et al. |
| 1B | | $250,000.00* | Debtor-in-Possession Loan and Security Agreement granting a security interest in hypothecates, mortgages, pledges and sets over unto the Lender all right, title, and interest of the Borrower in all of the Collateral. |
| 1C | | $250,000.00* | First Amendment to Debtor-in-Possession Loan and Security Agreement – Same as 1B. |
| 1D | | $300,000.00* | Second Amendment to Debtor-in-Possession Loan and Security Agreement – Same as 1B. |

* plus additional amounts owed to Creditor for interest accrual and amounts owed for attorney fees and costs.

**4.2.** **Disputed Secured Creditors**

### 4.2.1. Class 2 – Capital Funding ASAP LLC.

Class 2 consists of the disputed Secured Claim of Capital Funding ASAP

LLC ("Capital Funding ASAP"), (Claim No. 32) for payment of the approximate amount of

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

$593,727.30 secured by UCC 92032769 for collateral described as: Accounts Receivable, Cash, Cash Proceeds, Accounts, Chattel Paper, Equipment, General Intangibles, Inventory, Instruments Related to the Receipts, Instruments Related to the Future Receivables, which the Debtor disputes is secured by any value in such collateral in light of the senior Allowed Secured Claims of Decathlon.

### 4.2.2. Class 3 – Queen Funding LLC.

Class 3 consists of the disputed Secured Claim of Queen Funding LLC, for payment of the approximate amount of $530,437.00 secured by a promissory note which the Debtor disputes the validity of the asserted secured status.

### 4.2.3. Class 4 – Unique Funding Solutions, LLC.

Class 4 consists of the disputed Secured Claim of Unique funding Solutions, LLC, for payment of the approximate amount of $717,826.00 secured by agreement which the Debtor disputes the validity of the asserted secured status.

## 4.3. Priority Creditors

### 4.3.1. Class 5 – Employees.

Class 5 consists of allowed employee wage and benefit Claims having priority under 11 U.S.C. § 507(a)(4).

### 4.3.2. Class 6 – Internal Revenue Service.

Class 6 consists of the Priority Claims of the Internal Revenue Service ("IRS") (Claim No. 40) entitled to priority under 11 U.S.C. § 507(a)(8) (Claims of governmental units for unpaid taxes).

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

### 4.3.3. Class 7 – Oregon Department of Revenue.

Class 7 consists of the Priority Claims of the Oregon Department of Revenue ("ODR") (Claim No. 55) entitled to priority under 11 U.S.C. § 507(a)(8) (Claims of governmental units for unpaid taxes).

## 4.4. Unsecured Creditors

### 4.4.1. Class 8 - Administrative Convenience Class.

Class 8 consists of those Creditors holding general Unsecured Claims of $1,000.00 or less, and those Creditors holding Unsecured Claims who elect to reduce their Claims to $1,000.00 or less and elect to have the treatment provided for the Creditors within Class 8.

### 4.4.2. Class 9 - General Unsecured Claims.

Class 9 consists of those Creditors other than those specified in Class 10 below, holding allowed general Unsecured Claims in amounts in excess of $1,000.

### 4.4.3. Class 10 - Unclassified Creditors.

**Unclassified - Equity Holders**.  Kimberly Mitchell is the sole equity holder in the case.

## ARTICLE 5. -- TREATMENT OF CLAIMS

Unless otherwise stated, all Classes of Claims are impaired under the Plan and entitled to vote.

Except as otherwise modified by the Plan, all agreements executed between the Debtor and Debtor's Creditors including, but not limited to, contracts, leases, security agreements, UCC financing statements, mortgages, trust deeds and all other documents, shall remain in full force and effect according to their terms.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**5.1. Secured Creditors.**

Unless otherwise stated, any unpaid deficiency after sale, foreclosure or return of a Secured Creditor's Collateral shall be treated as an Unsecured Claim. Unless a Secured Creditor files an itemized Claim (or amends an existing Claim) to assert a deficiency Claim within 60 days after sale, foreclosure or return of its Collateral, any such deficiency Claim shall be deemed waived. A Claim for a deficiency shall be filed with the Court and served upon the Debtor and Debtor's counsel. Unless the Debtor objects to a deficiency Claim within 60 days of service, the deficiency Claim shall be deemed allowed.

Unless otherwise stated, the terms of all agreements between the Debtor and Secured Creditors shall remain the same, excepting that the maturity date of any note shall be extended to a date not less than 5 years from the Effective Date; defaults based on Debtor's insolvency or filing of bankruptcy shall not be enforceable.

**5.1.1. Class 1A – Decathlon.**

Decathlon's Allowed Secured Claim within this subclass will be deemed satisfied in full upon issuance of new securities in the Acquiring Entity. The number of shares issued to Decathlon, percentage of ownership, and classes of securities shall be outlined in a separate Motion for Authority to Sell Property Fee and Clear of Liens filed prior to the Effective Date.

**5.1.2. Class 1B – Decathlon.**

Decathlon's Allowed Secured Claim within this subclass will be deemed satisfied in full upon issuance of new securities in the Acquiring Entity. The number of shares issued to Decathlon, percentage of ownership, and classes of securities shall be

DEBTOR'S PLAN OF REORGANIZATION (Dated: 07/07/20)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

outlined in a separate Motion for Authority to Sell Property Fee and Clear of Liens filed prior to the Effective Date.

### 5.1.3. Class 1C – Decathlon.

Decathlon's Allowed Secured Claim within this subclass will be deemed satisfied in full upon issuance of new securities in the Acquiring Entity.  The number of shares issued to Decathlon, percentage of ownership, and classes of securities shall be outlined in a separate Motion for Authority to Sell Property Fee and Clear of Liens filed prior to the Effective Date.

### 5.1.4. Class 1D – Decathlon.

Debtor will pay Decathlon's Allowed Secured Claims within this subclass pursuant to the terms of the existing loan documents between the Debtor and Decathlon on or before 90 days after the Effective Date.

### 5.2. Disputed Secured Creditors.

#### 5.2.1. Class 2 – Capital Funding ASAP.

Class 2 is impaired. The Claim within this Class is a Disputed Claim, as the Debtor has or will file a Motion to Value Collateral and object to the secured status claimed by Capital Funding ASAP. If such motion is granted and objection is sustained, then the Claim in this Class will be treated as a Class 9 Claim. If such motion is denied and objection is overruled, then the Claim in this Class will be treated in the same manner as Class 1A, unless such Creditor consents to treatment as a Class 8 or Class 9 Creditor.

#### 5.2.2. Class 3 – Queen Funding LLC.

Class 3 is impaired. The Claim within this Class is a Disputed Claim, as the Debtor has or will object to the secured status claimed by Queen Funding LLC. If such

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

objection is sustained, then the Claim in this Class will be treated as a Class 9 Claim. If such objection is overruled, then the Claim in this Class will be treated in the same manner as Class 1A, unless such Creditor consents to treatment as a Class 8 or Class 9 Creditor.

### 5.2.3. Class 4 – Unique Funding Solutions, LLC.

Class 4 is impaired. The Claim within this Class is a Disputed Claim, as the Debtor has or will object to the secured status claimed by Unique Funding Solutions, LLC. If such objection is sustained, then the Claim in this Class will be treated as a Class 9 Claim. If such objection is overruled, then the Claim in this Class will be treated in the same manner as Class 1A, unless such Creditor consents to treatment as a Class 8 or Class 8 Creditor.

### 5.3. Priority Creditors

#### 5.3.1. Class 5 – Employees.

Class 5 is unimpaired. Certain Class 5 priority claims for unpaid wages and unpaid health-insurance premiums were paid by the Debtor postpetition in the ordinary course of Debtor's business. All remaining Allowed Class 5 priority claims will be paid in full on or before the Effective Date. Allowed non-priority claims for wages, benefits or vacation shall be paid as Unsecured Claims under Class 9, as applicable.

#### 5.3.2. Class 6 – Internal Revenue Service.

Class 6 is unimpaired and not entitled to vote. Creditors holding allowed Priority Claims within this Class shall be paid as follows:

(1)     An initial payment on such Allowed Priority Claims within 30 days of the Effective Date, which the Debtor currently estimates will be in the amount of $350,000. In the event that such payment is reduced based on the final purchase price paid for the Assets of the Debtor by the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Acquiring Entity, the initial payment will be reduced accordingly, but in no event to an amount lower than the payment made on account of Class 9 Claims.

(2)     On the amount remaining on such Allowed Priority Claims, equal monthly payments with simple interest at 4% per annum beginning in the month following that in which the initial payment is made and continuing through October 2024.  Payments shall be due on the tenth day of each calendar month, and the Acquiring Entity shall specifically assume responsibility for making such payments to Class 6 upon its acquisition of the Assets of the Debtor.  Nothing in this Plan shall prevent the Debtor or the Acquiring Entity from pre-paying amounts due to Class 6 Creditors.

### 5.3.3. Class 7 – Oregon Department of Revenue

Class 7 is unimpaired and not entitled to vote. Creditors holding Allowed Priority Claims within this Class shall be paid in full on the later of (a) the Effective Date or (b) the Allowance Date, unless such holder shall agree, or has agreed, in writing to a different treatment of such Claim(s).

### 5.4.    Unsecured Creditors

### 5.4.1. Class 8 - Administrative Convenience Class.

Class 8 is impaired.  Class 8 consists of Allowed Unsecured Claims which are equal to or less than $1,000.00.  Each holder of a Claim in such class shall receive cash in an amount equal to 25 percent of the allowed amount of such Claim, without interest, within thirty (30) days following the Effective Date.  Any Creditor holding an Unsecured Claim in

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

excess of $1,000.00 may "opt in" to Class 8 by marking a special "opt in" election on the ballot for voting for or against this Plan. Creditors holding Claims in excess of $1,000.00 who elect to "opt-in" to Class 8 shall agree to reduce their Claims to $1,000.00 and to consent to the treatment of their reduced Claim as called for within Class 8, and thereby be excluded from treatment as a Class 9 Creditor.

### 5.4.2. Class 9 - General Unsecured Claims.

Class 9 is impaired. The Creditors within Class 9 shall be collectively paid an amount equal to the initial payment to be made to Class 6 Creditors within thirty (30) days following the Effective Date, which shall be divided pro rata among the Claims within Class 9 based on the amount of each Claim within Class 9. As shown on **Exhibit 1** of Debtor's Disclosure Statement, Debtor projects that approximately $350,000.00 will be distributed to the Class 9 Claims, which would result in a distribution of approximately 3% to each Class 9 Claimant.

### 5.4.3. Class 10 - Unclassified Creditors.

**Unclassified** - Equity Holders. Kimberly Mitchell is the sole equity holder in the case. The membership interests and interests of all Equity Holders in the Debtor shall be deemed extinguished without further action by the Debtor upon the Effective Date.

## ARTICLE 6. -- DISPUTED CLAIMS; OBJECTIONS TO CLAIMS

Only Claims that are Allowed Claims and not subject to an action described in 11 U.S.C. § 502(d) shall be entitled to distributions under the Plan. Debtor reserves the right to contest and object to any Claims and previously scheduled amounts, including, without limitation, those Claims and scheduled amounts that are specifically referenced herein, are not listed in the Schedules, are listed therein as disputed, contingent and/or unliquidated in

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

amount, or are listed therein at a different amount than the Debtor or Liquidating Trust believes is validly due and owing.  Unless otherwise ordered by the Bankruptcy Court, all objections to Claims and scheduled amounts (other than Administrative Expense Claims) shall be Filed and served upon counsel for Debtor and the holder of the Claim objected to in the time prescribed by Section 19.12 of this Plan.  The last day for filing Administrative Expense Claims and objections thereto shall be set pursuant to an order of the Bankruptcy Court.  All Disputed Claims shall be resolved by the Bankruptcy Court, except to the extent that (a) Debtor may otherwise elect consistent with the Plan and the Bankruptcy Code or (b) the Bankruptcy Court may otherwise order.

## ARTICLE 7. -- ADMINISTRATIVE EXPENSES

### 7.1.    Claims Entitled to Priority Under Section 503(b)(9).

Unless otherwise agreed, Claims within Section 503(b)(9) of the Bankruptcy Code, which are entitled to treatment as Administrative Claims, and not already paid pre-confirmation based on a Court Order, shall be paid in full within 30 days following the Effective Date without interest.

### 7.2.    Administrative Claims Not Entitled to Priority Under Section 503(b)(9).

All allowed Administrative Claims which are not entitled to priority pursuant to §503(b)(9) of the Code shall be paid in full, unless otherwise agreed in writing by the holder of such Claim or ordered by the Court, on or before the Effective Date of the Plan, or within ten (10) days of entry of a Court order approving an application for allowance of an Administrative Claim, whichever is the later.  Any party who asserts an Administrative Claim against the Debtor shall file such Claim within thirty (30) days of the Effective Date or the right to such Claim shall be barred.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Debtor has not requested, nor does Debtor expect to request, installment payment arrangements from any Administrative Claimant, but reserves the right to do so if necessary or appropriate. Notice of the terms of any proposed installment payment schedule will be disclosed to the Court in the final fee application of any Administrative Claimant who will be paid on an installment basis.

## ARTICLE 8.-- IMPLEMENTATION

### 8.1.    Termination of Debtor-in-Possession.

On the Effective Date, the Debtor's status as Debtor-in-Possession shall terminate, and the Assets of the Debtor shall be transferred to the Acquiring Entity pursuant to the terms of an approved purchase agreement.

### 8.2.    Effective Date.

The Effective Date of the Plan means the thirtieth (30th) day after the date on which the order confirming the Plan is entered by the Clerk of the Bankruptcy Court, provided there is no stay of such order then in effect; or if a stay is then in effect, then the date on which the order confirming the Plan becomes a Final Order.

### 8.3.    Transfer of Assets.

On or before the Effective Date, the Assets of the Debtor shall be transferred to the Acquiring Entity, and all property of the bankruptcy estate, free and clear of all claims, liens, charges or other interests of Creditors arising prior to the entry of the order confirming the Plan except for liens upon property securing Claims provided for in the Plan. The terms of such transfer shall be separately noticed in a Motion for Authority to Sell Property Free and Clear of Liens. Except as provided in such Motion, the property of the Debtor and/or the property of the bankruptcy estate which will vest in the Debtor on the Effective Date

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

includes, but is not limited to, all Third-Party Claims, Avoidance Claims, and respective tax attributes including, but not limited to, ordinary loss carry forwards and capital loss carry forwards as defined and allowed under the Internal Revenue Code and the laws of the State of Oregon that the Debtor or the bankruptcy estate were entitled to claim pre-petition, or that arose post-petition.

### 8.4. Funding for Plan Payments.

The payments due under the Plan will be funded by (1) proceeds from the sale of all of the Assets to the Acquiring Entity and (2) as to future payment of the assumed liability to Class 6 Creditors, the post-transfer revenue generated by the Acquiring Entity. The Debtor's projections for income during the life of the Plan, and the assumptions underlying those projections are attached as **Exhibit 6 - Income and Expense Projections / Debtor's Assumptions Underlying Income and Expense Projections** to Debtor's Disclosure Statement. In summary, Debtor proposes to fund the payments called for by this Plan from Debtor's post-petition operations, together with proceeds from property surrendered or liquidated pre-confirmation.

### 8.5. Avoidance Claims.

Avoidance Claims, if any, are retained pending transfer of such Avoidance Claims to the Acquiring Entity, as outlined above. In the event the Acquiring Entity does not elect to acquire an Avoidance Claim or any Avoidance Claims, the Debtor may retain and pursue such claims or may elect to assign such claims to the Committee to pursue for the benefit of Class 9 Claims. Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim fails to repay the Debtor or, after transfer of the Avoidance Claim(s), the Acquiring

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Entity any sum that may be recoverable by the Debtor under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten (10) days of a final judgment in the Debtor's or Acquiring Entity's favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's or the Acquiring Entity's judgment.

### 8.6. Third-Party Claims.

All Third-Party Claims are preserved pending transfer of such Third-Party Claims to the Acquiring Entity, as outlined above. Debtor is not aware of any Third-Party Claims, outside of the claims identified on **Exhibit A** attached to this Plan.  In the event any additional Third-Party Claims are discovered, Debtor or the Acquiring Entity shall provide notice describing such Third-Party Claims along with a statement regarding the Debtor's or Acquiring Entity's intent to pursue or abandon the Claim.  In addition, the Debtor or the Acquiring Entity, with notice, may abandon a Third-Party Claim at any time.

### 8.7. Fees Payable Under 28 U.S.C. §1930.

All fees payable under 28 U.S.C. §1930, as determined by the Court, shall be paid on or before the Effective Date.  All post-petition fees payable under 28 U.S.C. §1930 shall be paid when due.  Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6) until the case is closed, converted, or dismissed.  After confirmation, the Debtor shall file with the Court a monthly financial report for each month, or portion thereof, that the case remains open.  The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

The Debtor shall be responsible for timely payment of U.S. Trustee fees incurred pursuant to 28 USC § 1930(a)(6) until the case is closed, converted or dismissed (including payment of any such fees incurred in any partial quarter during which this case is closed, converted or dismissed).  After confirmation, the Reorganized Debtor shall file with the Court a monthly financial report for each month, or portion thereof, that the case remains open and/or is reopened at any time.  The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan.  All U.S. Trustee fees, including any such fees accrued in any partial quarter, shall be paid as a condition precedent prior to case closure.

In addition, notwithstanding Section 14.9 of the Disclosure Statement and Section 7.9 of the Plan, the U.S. Trustee shall be entitled to interest, fines and penalties on any past due U.S. Trustee fees.

### 8.8.  Payment of Professional Fees and Expenses After the Effective Date.

Any professional person employed by the Debtor after the Effective Date shall be paid by the Debtor upon submission to the Designated Parties of a detailed billing statement setting forth the amount of compensation or reimbursement, or both, sought.  If none of the Designated Parties objects to a bill on or before a date that is ten (10) business days after it is served, the Debtor may pay such fees and expenses in the amount requested without further Court approval or Order.  If a timely objection is made and is not withdrawn, any dispute shall be submitted to the Bankruptcy Court for resolution.

### 8.9.  Continuation of Retiree Benefits.

Retiree benefits, if any (and Debtor believes there are none), shall be continued after the Effective Date without modification at the level established pursuant to §1114(e)(1)(B) or

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

(g) of the Code for the duration of the period that the Debtor has obligated itself to provide such benefits.

### 8.10. Prepayment.

Debtor may pre-pay any amounts due (as determined under the terms of the Plan) to any Creditor or Class of Creditors prior to the due dates set in the Plan without penalty and without prior notice or Court approval. This section does not authorize the Debtor to pay off any claim except as specifically provided in the Plan.

### 8.11. Requests for Post-Confirmation Notices.

This Section Intentionally Deleted.

### 8.12. No Attorney Fees.

No attorney's fees shall be paid with respect to any Claim except as specified in the Plan or allowed by a Final Order of Bankruptcy Court.

### 8.13. No Interest.

Except as expressly stated in the Plan or otherwise allowed by the Bankruptcy Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on any Claim, and the Debtor shall be entitled to offset the distribution to any Creditor who has received payment for post-petition, interest, penalties or late charges not approved by the Court.

### 8.14. Distribution of Reserved Funds for Payment of Professional Fees and Expenses After the Effective Date.

Any professional person employed by the Debtor after the Effective Date shall be paid by the Debtor upon submission to the Designated Parties of a detailed billing statement setting forth the amount of compensation or reimbursement, or both, sought. If none of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Designated Parties objects to a bill on or before a date that is ten (10) business days after it is served, the Debtor may pay such fees and expenses in the amount requested without further Court approval or Order. If a timely objection is made and is not withdrawn, any dispute shall be submitted to the Bankruptcy Court for resolution.

## ARTICLE 9. -- LEASES AND EXECUTORY CONTRACTS

### 9.1. Leases and Executory Contracts Assumed.

Effective on and as of the Effective Date, each executory contract and unexpired lease that exist between Debtor and any other party, with respect to which the Debtor has filed a motion in this case for authority to assume and/or that is listed on **Exhibit B – Debtor's Contracts / Lease Agreements – Assumed and/or Rejected** attached to the Plan, is hereby expressly assumed, except for any executory contracts and unexpired leases that have been rejected by the Debtor with the approval of the Court on or before the Effective Date or with respect to which a motion for rejection has been filed on or before the Confirmation.

### 9.2. Leases and Executory Contracts Rejected.

Without admitting the existence of, or validity of, any other executory contract or unexpired lease, all executory contracts or unexpired leases with respect to which Debtor has not filed a motion seeking authority to assume or which are not expressly assumed in the Plan shall be rejected on the Effective Date. Rejected executory contracts include, but are not limited to: (a) Debtor's lease with Harsch Investment Properties, LLC previously rejected under the Amended Order Re: Debtor's First Amended Motion to Reject Nonresidential Real Property Lease (Doc No. 313) and (b) Debtor's lease with Tualatin Industrial Ventures, LLC previously rejected under the Stipulated Order Authorizing Debtor

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

to Reject Non-Residential Real Property Lease (Doc No. 284).  Any Claims for damages arising by reason of the rejection of any executory contract or unexpired lease will be disallowed and the holder thereof barred from receiving distributions under the Plan unless a Proof of Claim for such damages on account of rejection is filed with the Court within thirty days after the Effective Date.  Any Claims based upon rejection of a lease for real property shall be limited to the amount set forth in 11 U.S.C. §502(b)(6).  Lease Rejection Claims shall be treated as general Unsecured Claims under Class 15 or 16, whichever is applicable to the amount of such Lease Rejection Claim.

## ARTICLE 10. -- MODIFICATION OF THE PLAN

The Debtor may, upon compliance with requirements of 11 U.S.C. § 1127, propose amendments or modifications to the Plan at any time prior to confirmation with the permission of the Court and upon notice to affected Creditors.  If Debtor revokes or withdraws the Plan prior to the Effective Date, then the Plan shall be deemed null and void, and actions proposed to be taken in the Plan shall be deemed to have never been proposed or taken.  In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other entity or to prejudice in any manner the rights of the Debtor or any entity in any further proceeding involving the Debtor. After confirmation, Debtor may, with the approval of the Court, and so long as such actions do not materially or adversely affect the interest of Creditors, remedy any defects, omissions or reconcile any inconsistencies in the Plan in whatever way is necessary to carry out the purposes of the Plan.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# ARTICLE 11. -- EFFECT OF CONFIRMATION

The effect of confirmation shall be as provided for in 11 U.S.C. §1141, and as otherwise set forth in the Plan.

# ARTICLE 12. -- DISCHARGE

Debtor will receive a discharge of Debtor's debts upon confirmation of the Plan pursuant to 11 U.S.C. § 1141, subject to any applicable exceptions to discharge under 11 U.S.C. § 1141(d)(6).

# ARTICLE 13. -- DEFAULT

## 13.1.  General Provisions.

Except as otherwise specifically provided in the Plan or as stated in Section 12.2, in the event Debtor shall default in the performance of any of its obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity including, but not limited to, any cross-default provisions in the applicable Creditor's agreement with the Debtor.  Except as set forth in a Creditor's loan documents, an event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim. Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan and shall have twenty (20) days opportunity to cure.  If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default.  If Debtor fails to cure within the twenty (20) days cure period, then such Creditor may seek such remedies as

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in the Plan shall supplement any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by the Plan.

Notice of default shall be effective without leave of the Court and when served simultaneously via fax at the number shown below and mailed to both the Debtor and to the Debtor's attorney, if any, postage prepaid, at the following addresses:

| | |
|---|---|
| **Debtor**: | Fizz & Bubble, LLC |
| | Kimberly A. Mitchell |
| | 27120 SW 95th Ave., Ste. 3280 |
| | Wilsonville, OR  97070 |
| | |
| **Debtor's Attorney**: | Douglas R. Ricks |
| | VANDEN BOS & CHAPMAN, LLP |
| | 319 SW Washington, Suite 520 |
| | Portland, OR 97204 |
| | Telephone: (503) 241-4869 |
| | Fax: (503) 241-3731 |

### 13.2. Special Tax Creditor Provisions.

If the Debtor fails to make any payment of any tax, or any Plan payments to any governmental unit (including, but not limited to, the Internal Revenue Service or the Oregon Department of Revenue) within 10 days of the due date, including accruing employment tax deposits, or if the Debtor fails to file a federal tax or state return by the due date, then the relevant governmental unit my declare that the Debtor is in default of the Plan. This benefits and obligations of this paragraph shall inure to the benefit of the Acquiring Entity upon assumption of Plan payments due to any governmental unit.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Declaration of the default is to be mailed, in writing to the Debtor/Debtor's counsel.

The Debtor shall be given 30 days to cure the default by paying all past due amounts, and

filing/paying all past due tax returns to:

| | |
|---|---|
| IRS – Insolvency | Oregon Department of Revenue |
| M/S O240 | PO Box 14725 |
| 1120 SW Third Ave. Ste. G-044 | Salem, OR  97309-5018 |
| Portland, OR 9704-2871 | |

Any and all Notices of Federal Tax Liens (NFTL) in favor of the United States under 26

U.S.C. 6321, as well as any NFTL's filed pursuant to 26 U.S.C. 6323 or any and all tax liens

in favor of other governmental units, shall remain in effect against all property or rights to

property of the Debtor and of the estate, until all taxes provided for in the Plan are paid in

full or otherwise satisfied.

## ARTICLE 14. -- OBJECTIONS TO CLAIMS AND DETERMINATION OF SECURED STATUS

The Debtor retains the right to object to the Claim of any Creditor.  Notwithstanding

any other provision of the Plan specifying a date or time for payment or distribution of

consideration hereunder, payments and distributions for any Claim that at such date or time

is disputed, unliquidated, or contingent, or the nature, extent, or value of the Collateral

securing such Claim is subject to a pending proceeding, shall not be made until an order

with respect to such objection, estimation, or valuation becomes final, whereupon such

payments and distribution shall be made promptly in accordance with such order and the

Plan provided however, that any undisputed amount owed on a Disputed Claim shall be

paid as if the undisputed amount were an Allowed Claim.  The date by which the Debtor or

any interested party must file objections to Claims, shall be the first Business Day after 120

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

days after the Effective Date.  Objections to claims not filed by the Claims Objection Bar Date shall be deemed waived.  Any timely filed Claim not objected to within 120 days of the Effective Date, unless such deadline is extended in writing by the consent of the affected Creditor, or by order of the Court for cause, shall be conclusively deemed allowed.

## ARTICLE 15. -- RESERVATION OF POWERS

Nothing in the Plan shall be deemed to constitute a waiver of the powers of Debtor under Chapters 3 and 5 of Title 11 of the United States Code.  The Debtor shall retain after confirmation all powers granted by such Title to the Debtor with respect to avoidance of liens or transfers, recovery of property, and subordination of Claims.

## ARTICLE 16. -- WAIVER OF PROVISIONS

After entry of the Confirmation Order and except as otherwise specifically set forth in the Plan, any term of the Plan may be waived by the party benefitted by the term, but only in a writing signed by the waiving party, which will be effective without notice or Court approval.

## ARTICLE 17. -- RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment of

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; and (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title.

## ARTICLE 18. -- SECTION 1129(b) REQUEST

If the requirements of all provisions of 11 U.S.C. §1129(a), except Paragraph 8 thereof, are met with regard to the Plan, Debtor hereby requests confirmation of the Plan pursuant to 11 U.S.C. §1129(b). To the extent that the Court declines to confirm the Plan, the Debtor will request a reasonable period of time to submit an amended plan to address the grounds upon which confirmation was denied.

## ARTICLE 19. -- MISCELLANEOUS

### 19.1. Headings.

The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect meanings of the Plan.

### 19.2. Notices.

Unless otherwise agreed to between a Creditor and the Debtor or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt requested. Notice to a holder of an Allowed Claim shall be directed to the address set forth

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended.  Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed.  Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

### 19.3.  Reservation of Rights.

Neither the filing of the Plan nor any statement nor provision contained herein, nor the taking by any Creditor of any action with respect to the Plan, shall, until the Effective Date, (a) be or be deemed to be an admission against interest and (b) be or be deemed to be a waiver of any rights any Creditors may have against Debtor or any of her Assets or any other Creditor, and, until the Effective Date, all such rights are specifically reserved.  In the event that the Effective Date cannot be determined, neither the Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without this Chapter 11 case involving Debtor.

### 19.4.  Computation of Time Periods.

In computing any period of time prescribed or allowed by the Plan, the day or month of the act, event or default from which the designated period of time begins to run shall not be included.  The last day or month of the period so computed shall be included.  In the event that the last day is a Saturday, Sunday, or legal holiday, then the period shall run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

### 19.5. Creditor's Change of Address.

Any Creditor who fails to notify the Debtor in writing of that Creditor's change of address, with the result that the Debtor's communications to the Creditor are returned by the United States Postal Service for insufficient or improper address, shall forfeit that Creditor's rights to distributions made during the time of such failure, but will be entitled to amounts to be distributed after notifying the Debtor of the new or corrected address. The Debtor need not distribute property unclaimed within six (6) months of the final distribution.

### 19.6. Utility Deposits.

All utilities holding a Utility Deposit shall immediately after the Effective Date return or refund such Utility Deposit to the Debtor. At the sole option of the Debtor, any Utility Deposit that has not been refunded may be applied in satisfaction of payments due or to become due from the Debtor to a utility holding such Utility Deposit.

### 19.7. Setoffs.

Debtor may, but shall not be required to, set off against any Claim and the distributions to be made pursuant to the Plan in respect of such Claim, any Claims of any nature whatsoever which Debtor may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such Claim Debtor may have against such holder.

### 19.8. Section 1146(a) Exemption.

Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Plan, or the execution, delivery or recording of an instrument of transfer pursuant to, in implementation of or as contemplated by the Plan, or the re-vesting, transfer or sale of any real property of Debtor pursuant to, in implementation

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

of or as contemplated by the Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee. Consistent with the foregoing, each recorder of deeds or similar official for any city, county or government unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax or similar tax.

### 19.9.  Recordable Order.

The Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or other supporting documents.

### 19.10. Reserve Fund.

The Debtor shall deposit into a segregated account and hold in trust all cash distributions reserved for the holders of Allowed Claims who have failed to claim distributions made pursuant to the Plan and holders of Disputed Claims. Cash reserved for Disputed Claims shall be distributed to the holders thereof as and to the extent such Claims become Allowed Claims. For a period of one year following a distribution pursuant to the Plan, cash or other property that is unclaimed following such distribution shall be distributed to the holders of Allowed Claims entitled thereto upon presentation to the Debtor of satisfactory proof of entitlement. After expiration of the one-year period (i) the holders of Allowed Claims entitled to unclaimed property will no longer be entitled thereto, (ii) the Allowed Claims of such holders shall be deemed disallowed and (iii) the then remaining amount of such unclaimed property with respect to such distribution shall become the property of the Debtor.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**19.11. Effectuating Documents and Further Transactions.**

Debtor shall execute, deliver, file, or record such contracts, instruments, assignments, and other agreements or documents, and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

Dated:  July 7, 2020

<div style="margin-left: 40%;">

Respectfully submitted:

Fizz & Bubble, LLC


By:  /s/Kimberly A. Mitchell
     Kimberly A. Mitchell,
     Debtor-in-Possession

</div>

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
   Douglas R. Ricks, OSB 044026
   Of Attorneys for Debtor-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# EXHIBIT A

# EXHIBIT A - DEFINITIONS

Definitions of certain terms used in the Plan are set forth below.  Other terms are defined in the text of the Plan.  In either case, when a defined term is used, the first letter of each word in the defined term is capitalized.

**Acquiring Entity** shall mean a corporation formed on or before the Effective Date which shall issue shares on account of cash from new investors and in exchange for Claims of certain Creditors.  Such cash investment will be used to fund a purchase of the Assets of the Debtor and of the bankruptcy estate, thereby funding distributions to Creditors under the Plan.

**Administrative Claim** shall mean: every cost or expense of administration of the Reorganization Case, including any actual and necessary post-petition expenses of preserving the Estate; any Claim, including, but not limited to, allowed claims for compensation of professionals made pursuant to Section 330, 331 and 503(b) and of the Code, entitled to priority pursuant to Section 364 or Sections 503 and 507(a)(2) of the Code.  Administrative Claim shall not include Claims for compensation of professionals for services rendered after the Effective Date.

**Allowed Claim** shall mean a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the time set by the Court, or (b) which appears on the schedules and lists of Creditors prepared and filed with the Court, as amended, and is not listed as disputed, contingent, unliquidated or unknown as to amount.  No Claim shall be considered an Allowed Claim if an objection to the allowance thereof is interposed at any time and such objection has not been denied by an order or judgment that is no longer subject to appeal and as to which no appeal is pending.

**Allowed Secured Claim** shall mean an Allowed Claim secured by a lien, security interest, or other charge against or interest in property in which Debtor has an interest or that is subject to setoff under Section 553 of the Code, to the extent of the value (as set forth in the Plan, of if no value is specified, as determined in accordance with Section 506(a) of the Code) of the interest of a holder of such Allowed Claim in Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be or to the extent permitted by Section 1111(b) of the Code, if applicable.

**Allowed Unsecured Claim** shall mean any Allowed Claim that is not an Allowed Secured Claim, including the Allowed Unsecured Claims of undersecured Creditors and Allowed Unsecured Claims arising upon rejection of an unexpired lease or executory contract.

**Assets** shall mean real and personal property of Debtor, whether acquired pre-petition, or post-petition, whether tangible or intangible, including, but not limited to, all land, buildings, fixtures, trade fixtures, accounts, contract rights, general intangibles, payment intangibles, commercial tort claims, rights to payment of every kind, including rights to tax refunds, equipment, motor vehicles, goods, machinery, inventory, farm products, chattel paper, leases, conditional sales agreements, cash, deposit accounts, notes, documents, documents of title, instruments, securities, shares of capital stock, capital equities, and other securities of and Claims against any corporation, joint venture, partnership, or individual or individuals, pledges

and agreements to pledge, rights in and Claims under insurance policies, letters of credit, trademarks, trade names, trade styles, licenses, customer lists, good will, bills of lading, warehouse receipts and trust receipts, and all renewals, replacements, substitutions, additions, accessions, rents, issues, and products and proceeds (whether due to voluntary or involuntary disposition) of the foregoing. Assets also includes Avoidance Claims held by Debtor under the Bankruptcy Code.

**Avoidance Claims** shall mean the Debtor's rights under Chapter 5 of the Bankruptcy Code to recover avoidable transfers, including but not limited to preferential and fraudulent transfers.

**Claim** shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against Debtor in existence on the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**Claims Objection Bar Date** shall mean the date by which the Debtor or any interested party must file objections to Claims, which shall be the first Business Day after 120 days after the Effective Date.

**Code** shall mean the Bankruptcy Code, 11 U.S.C. Section 101 et seq., and any amendments thereto.

**Collateral** shall mean, with respect to any Allowed Secured Claim, the property that secures such Claim.

**Confirmation Date** shall mean the date of entry of the Confirmation Order.

**Confirmation Order** shall mean the order confirming the Plan pursuant to §1129 of the Code.

**Court** shall mean the United States District Court for the District of Oregon having jurisdiction over this Chapter 11 case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the District of Oregon, and any court having competent jurisdiction to hear appeals therefrom, including the Bankruptcy Judge presiding over the case.

**Creditor** shall mean any person holding a Claim against Debtor.

**Creditors** shall mean all Creditors of the Debtor holding Claims for unsecured debts, secured debts, liabilities, demands or Claims of any character whatsoever.

**Debtor** shall mean Fizz & Bubble, LLC.

**Debtor-in-Possession** shall mean Debtor.

**Designated Parties** at any particular time shall mean (i) the Debtor; and (ii) all Creditors and Lienholders who file with the Court and serve copies thereof on the Debtor as provided in the Plan, a request that all notices under the Plan after the Effective Date be given to them.

**Disputed Claim** shall mean every Claim that is not an Allowed Claim.

**Effective Date** shall mean the thirtieth (30th) day after the date on which the order confirming the Plan is entered by the Clerk of the Bankruptcy Court, provided that there is no stay of such order then in effect; or if a stay is then in effect, then the date on which the order confirming the Plan become a Final Order.

**Final Order** shall mean an order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek review has expired and as to which no appeal or petition for review is pending; or an order or judgment which has been reversed, modified or amended and as to which the time to appeal or seek further review has expired and no further appeal or petition for review is pending.

**Petition Date** shall mean November 4, 2019.

**Plan** shall mean the Plan of Reorganization and all exhibits hereto, which are incorporated by reference, together with any modifications which may be made from time to time in accordance with Section 1127 of the Code.

**Priority Claim** shall mean a Claim having priority as defined in 11 U.S.C. §507.

**Pro rata** shall mean, with respect to any distribution to be distributed to holders of any class of Allowed Claims, the same proportion that such Claim bears to the aggregate dollar amount of (i) all Allowed Claims in that class, and (ii) all Claims in that class which are subject to dispute on such date, but excluding any Claim as to which the holder has voluntarily subordinated the right to distribution.

**Secured Claim** shall mean that portion of a Claim secured by a lien, security interest, or other charge against, or interest in, property in which Debtor has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of such property as set forth in the Plan, or if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code, or to the extent permitted by Section 1111(b) of the Bankruptcy Code, if applicable.

**Secured Creditors** shall mean all Creditors who hold a lien, security interest, or other incumbrance which has been properly perfected as required by law with respect to property owned by the Debtor.

**Third-Party Claims** shall mean all Claims, if any, Debtor may have against any person or entity arising at law or equity, including Claims against insiders, excluding Claims arising under the Bankruptcy Code. Such Claims include, but are not limited to, the prepetition Claims against Star Funding, Net.Finance, LLC, Mark Garrison, Nancy J. Kinney, and NOWCFO and the postpetition Claims against Kohl's Inc. and Harsch Investment Properties, LLC.

**Unsecured Claim** shall mean any Claim which is not a Priority Claim, Secured Claim, Warranty Claim, Administrative Claim or Administrative Trade Claim.

**EXHIBIT B**

**FIZZ BUBBLE, LLC**

## LEASES AND EXECUTORY CONTRACTS
## TO BE ASSUMED AND/OR REJECTED

| NO. | LEASES/EXECUTORY CONTRACTS | ASSUMED | REJECTED |
|-----|---------------------------|---------|----------|
| 1 | **Hitachi Capital** - Lease of Hobart A-200 Mixer S/N 31-1204-870 and accessories and Hobart A-200 Mixer S/N 31-1203-712; | X | |
| 2 | **Hitachi Capital** - Lease of Floor Mixer and Bun Sheet | X | |
| 3 | **Lease Direct - De Lage Landen Financial** - Lease of Doosan S/N FBA11239001304 and Hannibal Pallet Racking (Forklift) | X | |
| 4 | **Lease Direct - De Lage Landen Financial** - Lease of Doosan Material Handling Machine (Forklift) S/N FBA031350-01623; contract dated 2/5/19 | X | |
| 5 | **Pacific Office Automation** - Lease of Konica Minolta C754e Copier System and Pitney Bowes DM125 Mailing Machine | X | |
| 6 | **Pawnee Leasing** - Lease of Seal A Tron Shrink Wrap Machine | X | |
| 7 | **Penske Truck Leasing** - Lease of 2019 International Dura Star 4300 SADC Dryvan Morgan Aluminum | X | |
| 8 | **Subaru** - Lease of 2018 Subaru Forester | X | |
| 9 | **Toyota Commercial Finance** - Lease of Toyota Pallet Jack Model 8HBW23 S/N 31173 | X | |
| 10 | **Toyota Financial Services** - Lease of 2019 Toyota Tundra Truck | X | |
| 11 | **Video Jet** - Lease of Date Coder | X | |
| 12 | **Kohl's** - Contract for Pre-Payment of goods | | X |
| 13 | **Tualatin Industrial Ventures** - Lease of warehouse located at 10778 SW Manhasset Dr, Tualatin, OR | | X |
| 14 | **Harsch Investment Property** - Lease of main office located at 27120 SW 95th Ave, Ste 3280, Wilsonville, OR | | X |

7/2/2020
1:05 PM