Christian A. Torimino, WSBA #52927
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
1220 SW 3rd Ave, Room 315
Portland, OR 97204
Tel: (202) 306-4948
Email: christian.torimino@usdoj.gov

Attorneys for Gregory M. Garvin,
Acting United States Trustee for Region 18

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 19-34092-tmb11 |
| Fizz & Bubble, LLC, | **UNITED STATES TRUSTEE'S SECOND MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT** |
| Debtor. | |

Gregory M. Garvin, Acting United States Trustee for Region 18 (the "U.S. Trustee"), by

and through his undersigned counsel, moves the Court for an order dismissing or converting this

case. Cause exists for the requested relief under 11 U.S.C. § 1112(b)[1] as stated below.

### I.    Background

Fizz & Bubble, LLC ("Debtor") filed a Plan of Reorganization (the "Plan," ECF Doc. No. 360)

and an accompanying Disclosure Statement (the "Disclosure Statement," ECF Doc. No. 359) on July 7,

2020. Upon objection of multiple parties in interest to the sufficiency of the Disclosure Statement, the

Court continued the Disclosure Statement hearing to allow Debtor more time to file an amended

disclosure statement, plan, and sale motion.

---

[1] Hereafter, all references to "Section" or "§" in the Motion are to provisions of the Bankruptcy Code,
title 11 of the United States Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise indicated.  All
references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

**Page 1  – UNITED STATES SECOND TRUSTEE'S MOTION TO DISMISS OR CONVERT**

After four extensions of time to file an amended plan and disclosure statement, Debtor filed a status report indicating that the proposed sale of all debtor's assets to investors was no longer a possibility. (ECF Doc. No. 471). Debtor then indicated that it had reached an agreement to sell substantially all its assets to its primary secured creditor, Decathlon Alpha III, L.P. ("Decathlon"), for a credit bid plus a $400,000 cash payment. Debtor indicated that such a sale would not fund a plan, but would "provide a meaningful distribution to administrative claimants." A motion for that sale was filed and noticed on November 11 (ECF Doc. No 475), but was withdrawn after Decathlon terminated the sale agreement. (ECF Doc. No. 500). The U.S. Trustee understands that the Debtor furloughed its employees upon termination of the sale agreement, and it is unknown whether the Debtor is currently operating. In addition, Debtor is $4,898.49 behind on its quarterly U.S. Trustee fees and $10,000 in arrears on post-petition tax obligations.

## II.    Argument

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A) and (O). Pursuant to 11 U.S.C. § 307, the U.S. Trustee may raise, appear, and be heard on any issue in any case or proceeding under Title 11.

Section 1112(b) provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss the case, whichever is in the best interest of creditors, if the movant establishes "cause." Section 1112(b)(4) provides a non-exhaustive list of examples of "cause" for the dismissal or conversion of a chapter 11 case. 11 U.S.C. § 1112(b)(4); see In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368, 375 (9th Cir. BAP 2000) (enumerated list of "causes" in § 1112(b) is not exhaustive). Once cause has been established, the court must determine whether conversion or dismissal is "in the best interests of creditors and the estate . . . unless the court determines that the appointment under section 1104(a) of a

trustee or examiner is in the best interests of creditors or the estate." In this case, cause exists under several of the grounds enumerated in § 1112(b)(4) and conversion of the case to chapter 7 is in the best interests of creditors and the estate.

        a.    § 1112(b)(4)(A): Substantial or Continuing Loss to the Estate Without any Reasonable Likelihood of Rehabilitation

Under § 1112(b)(4)(A), "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" constitutes cause for the dismissal or conversion of a chapter 11 case. Under § 1112(b)(4)(A), the movant must establish both a (i) continuing loss to or diminution of estate assets, and (ii) an absence of a reasonable likelihood of rehabilitation. In re Wahlie, 417 B.R. 8, 11 (N.D. Ohio 2009).

The estate has suffered ongoing operating losses for the duration of the case and has been kept afloat by post-petition financing in hope of a sale of the business. The most recent monthly operating report indicates that Debtor has accrued $1,530,294 in post-petition liabilities, including post-petition financing, unpaid lease payments, and unpaid taxes. (ECF Doc. No. 503). Debtor acknowledged in its October 30 status report that rehabilitation of the business is no longer a possibility and that there are insufficient assets "to fund a reorganization of any structure." (ECF Doc. No. 471, p. 3) Debtor has apparently ceased operating. It is therefore clear that there is no reasonable likelihood of rehabilitation.

        b.    § 1112(b)(4)(I): Failure to Pay Post-Petition Taxes

Debtor's failure to timely pay post-petition taxes is an independent basis for cause. 11 U.S.C. § 1112(b)(4)(I) (cause includes "[f]ailure to timely pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief…"). According to the monthly operating reports filed in this case, Debtor has been behind on post-petition taxes for most of the pendency of this case. The November monthly operating report indicates that Debtor owes an estimated $10,000 in post-petition taxes. (ECF Doc. No. 503).

**Page 3 – UNITED STATES SECOND TRUSTEE'S MOTION TO DISMISS OR CONVERT**

c.  <u>Unpaid U.S. Trustee Fees</u>

Section 1112(b)(4)(K) provides that cause for dismissal or conversion includes "failure to pay any fees or charges required under chapter 123 of title 28," which includes U.S. Trustee fees due under 28 U.S.C. § 1930(a)(6). Debtor owes $9,773.47 in U.S. Trustee fees, including $4,898.49 in past due fees for the third quarter of 2020. <u>See</u> <u>Dec. of Tammy Combs</u>. Fees for the fourth quarter of 2020, which have been estimated at $4,875, are currently due and will become delinquent on February 1, 2020.

d.  <u>Conversion is in the Best Interests of Creditors and the Estate</u>

The Court should find that conversion of the case is in the best interest of creditors and the estate in order to allow a trustee to investigate claims that may not be subject to a security interest. Specifically, there may be claims for preferences or other avoidable insider transfers. If the case is dismissed, the estate will lose the benefit of avoidance powers under the Code. Any avoidance actions under state law are unlikely to be investigated or pursued if the case is dismissed and management remains in control of the Debtor.

**III.    Conclusion**

For the reasons stated above, cause exists under § 1112(b) and conversion is the appropriate remedy.

DATED this 7th day of January, 2021.

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Christian A. Torimino
CHRISTIAN A. TORIMINO
WSBA #52927, Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2021, I served a copy of the foregoing UNITED

STATES TRUSTEE'S SECOND MOTION TO DISMISS OR CONVERT on all parties

included on the Court's CM/ECF electronic service list and on the following parties by first class

mail:


Daniel J. Boverman
11285 SW Walker Rd
Portland, OR 97225

ODR Bkcy
955 Center St NE
Salem, OR 97301-2555

Confluence Capital Group, Inc.
One World Trade Center
121 SW Salmon St. #1100
Portland, OR 97204

Oswego Financial Services
Glenn J. Smith
4091 Coltsfoot Lane
Lake Oswego, OR 97035

Lloyd R. DuBois
0932 SW Palatine Hill Rd.
Portland, OR 97219

Mike Vanier
7650 Beveland St #170
Portland, OR 97223

Express Employment Professionals
Wayne Marschall
7401 SW Washo Court, Suite 200
Tualatin, OR 97062

Bruce Wood
510 SW 5th Ave. #300
Portland, OR 97204

Diane M. Humke
32272 Apple Valley Road
Scappoose, OR 97056

Daniel M. O'Leary
Geffen, Mesher & Company, P.C.
888 SW 5th Ave #800
Portland, OR 97204

Independent Investment Bankers, Corp
2900 N. Quinlan Park Rd. Suite #240-235
Austin, TX 78732


GREGORY M. GARVIN
Acting United States Trustee for Region 18


/s/ Christian A. Torimino
CHRISTIAN A. TORIMINO
WSBA #52927, Trial Attorney


**CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| In re | Case No. 19-34092-tmb11 |
| Fizz & Bubble, LLC, | **DECLARATION OF TAMMY L. COMBS IN SUPPORT OF THE UNITED STATES TRUSTEE'S SECOND MOTION TO CONVERT OR DISMISS** |
| Debtor. | |

I, Tammy L. Combs, declare under penalty of perjury as follows:

1. I am more than 18 years of age and am competent to testify to the matters set forth below.

2. I am a Bankruptcy Analyst in the Office of the United States Trustee ("U.S. Trustee"), United States Department of Justice, Region 18, Portland, Oregon.

3. My duties include requesting, reviewing, and analyzing documents and records relevant to the financial affairs of debtors in bankruptcy. I also oversee and review the U.S. Trustee quarterly billings in Chapter 11 cases.

4. I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify competently thereto. This declaration is filed in support of the U.S. Trustee's Motion to Convert or Dismiss.

5. The attached Account Reconciliation Report, (**Exhibit A**), shows the debtor has outstanding U.S. Trustee quarterly fees of $9,773.49. This balance includes billing for the 4th quarter of 2020 in the amount of $4,875 and the seriously delinquent 3rd quarter of

2020 balance of $4,898.49.

6.  The debtor was mailed invoices and/or account statements on October 5, 2020,

    November 6, 2020, December 7, 2020 and most recently January 7, 2021.  Additionally,

    the U.S. Trustee has emailed debtor's counsel regarding the 3rd quarter 2020 outstanding

    balance on November 25, 2020 and again on December 9, 2020.  To date, payment has

    not been received to bring this account current.

7.  The foregoing statements are true and correct to the best of my knowledge.

    DATED this 7th day of January 2021.


                                    /s/ Tammy L. Combs
                                    TAMMY L. COMBS
                                    Bankruptcy Analyst
                                    Office of the United States Trustee



# Chapter 11 Quarterly Fee Information and Collection System (FICS)
## US Trustees, US Department of Justice

## Account Reconciliation

Field Office: 18 05 Portland, OR

| | | | |
|---|---|---|---|
| **Case #:** 793-19-34092 | **CPC:** | **OCS:** | **Billed($):** **24,403.30** |
| **Debtor:** FIZZ & BUBBLE, LLC | **CDC:** | **CTO:** | Fees($): 24,375.00 |
| **Opened:** 11-04-19 **Closed:** | **CNV:** | **CBC:** | Interest($): 28.30 |
| | | **TIN:** | **Payments($):** **-14,629.81** |
| | | | Principal($): -14,629.81 |
| | | | Interest($): 0.00 |
| | | | **Balance($):** **9,773.49** |

### Quarterly Fees and Disbursements

| Quarter | Disbursements ($) | Fee ($) |
|---|---|---|
| 4-2019 | 360,510 | 4,875 |
| 1-2020 | 627,013 | 4,875 |
| 2-2020 | 531,288 | 4,875 |
| 3-2020 | 515,064 | 4,875 |
| 4-2020 | | 4,875 Est |

### Payments

| Batch/Trans ID | Date | Type Code | Payment($) |
|---|---|---|---|
| 01-006 | 03-10-20 | PMTLB | -4,875.00 |
| 01-011 | 05-19-20 | PMTLB | -4,875.00 |
| 02-028 | 09-15-20 | PMTLB | -4,879.81 |

### Interest

| Transaction Date | Assessment Period | Days | Interest Rate | Amount ($) |
|---|---|---|---|---|
| 01-07-21 | 11-01-20 through 12-31-20 | 61 | 2% | 16.28 |
| 11-06-20 | 08-01-20 through 10-31-20 | 92 | 2% | 12.02 |
| 09-15-20 | 05-01-20 through 07-31-20 | 92 | 2% | 0.00 |
| 03-10-20 | 02-01-20 through 02-29-20 | 29 | 2% | 0.00 |

UST EXHIBIT A

Case 19-34092-tmb11   Doc 512   Filed 01/07/21